Helden vs. Helden.

JESSE W. HELDEN, Appellant,

*vs.*

LOUISA A. HELDEN, Defendant.

APPEAL FROM DANE CIRCUIT COURT.

In a proceeding for divorce by the husband against the wife, founded upon other causes than adultery, and a decree of divorce ordered, it is competent for the court, on petition or motion, to take testimony in regard to the alleged adultery of the wife, discovered since the filing of the bill or complaint, as affecting the question of alimony and the custody of the infant children.

Such inquiry may be instituted after the decree has been finally enrolled.

The statute gives the court ample power over the subject of alimony and the custody of the child or children of parents divorced.

In reference to an inquiry as to alimony, the court is not restricted to the issues made by the bill and answer, but may inquire as to all matters touching the circumstances, character, temper and conduct of the parties, and this as well after as before decree passed.

Adultery of the wife during coverture with the plaintiff, if unknown to the plaintiff (and therefore not alleged in his bill,) until after decree, *a vinculo* may be set up by petition as a fact affecting the matter of alimony and custody of children.

On the 14th day of December, A. D. 1857, the above named Jesse W. Helden filed in the circuit court of Dane county the following petition :

That on or about the 24th day of January, A. D. 1857, your petitioner exhibited his bill in this court, against the above named defendant, who was then the wife of your petitioner, and was then, and is now, residing in the county of Dane aforesaid; and thereby, after alleging among other things, the marriage of your petitioner with the said defendant, in the year 1849 (therein erroneously stated as 1850,) and also alleging that there had been two children of such marriage, to wit: Ellen Victoria, then aged about two and a

half years, and Jesse, (who is since deceased,) then aged about five months, and further alleging that the said defendant had been guilty of various acts of cruel and inhuman treatment of your petitioner; and, after alleging that on account of the immoral, lascivious and profligate conduct and character of the said defendant, she was totally unfit to have the care, custody or education of the said children, and praying, in case of divorce from the bond of matrimony, that it might also be decreed that the said children, or the eldest of said children, might be put into the care and custody of your petitioner, and educated by him. And it was by the said bill further prayed, that the said defendant might answer the premises, and that the marriage between your petitioner and her might be dissolved, and declared null and void, and a divorce from the bond of matrimony decreed, according to the statute in such case made and provided, and that your petitioner might have such further or other relief in the premises. as should be equitable, and the circumstances of the case might require; as by the said bill to which your petitioner craves leave to refer will more fully appear.

That the said defendant, having appeared to the said bill, swore and filed her answer thereto, early in the month of March, A. D. 1857 ; as by such answer, to which your petitioner craves leave to refer, will appear.

That a replication to such answer was subsequently filed by or on behalf of your petitioner on or about the 26th day of March, 1857.

That by an order made in the above entitled cause on the petition of the said defendant, and dated the 1st day of April, 1857, it was ordered that your petitioner should pay to the solicitors of the defendant, the sum of one hundred and fifty dollars to defray the expenses of the defense in said suit, within ten days after personal service of a copy of the said order.

That your petitioner paid or caused to be paid the said sum

of one hundred and fifty dollars, in due compliance with the said order.

That by an order made in the above entitled cause, dated the 22d day of April, 1857, it was referred to S. U. Pinney, Esq., to take the testimony in said cause and report the same, together with all the objections taken and stated thereto to this court, with all convenient speed and dispatch.

That divers witnesses were examined as well on behalf of your petitioner as of the said defendant, and the main testimony in this cause having been completed and filed, this cause came on for argument, and was, as to the main part thereof, argued in this court on the 20th day of June, 1857, but stood over for evidence of the fact as to what was the amount of your petitioner's property.

That by an order of this court made in this cause on the said 20th day of June, 1857, it was referred to the said S. U. Pinney, to take proof of the amount of your petitioner's property, and report the same to this court.

That such testimony was taken accordingly, and was concluded on the 6th day of July, 1857, and duly filed.

That after the said testimony was concluded, and after the case had been argued as aforesaid, your petitioner was, for the first time, informed of certain facts and circumstances which induced him to believe, as he then did and still does verily believe, that the said defendant did whilst she was the wife of your petitioner, and on more occasions than one, commit the crime of adultery.

That almost immediately after obtaining such information, your petitioner communicated the same to his then counsel in this cause, who expressed it to be his opinion that, if such facts could be established by evidence, and such evidence were received by this court in this cause, the effect thereof would be to induce this court to decline to allow the said defendant any alimony, and also to refuse to permit her to have

Helden vs. Helden.

the care and custody of the said Victoria, the then surviving child of the said marriage.

That on the 9th day of July, 1857, your petitioner's said counsel did, in pursuance of your petitioner's wishes and instructions, file a motion in this cause for leave to be given to the said S. U. Pinney, to take newly discovered testimony respecting the conduct of the said defendant, (meaning thereby, testimony to show that she had been guilty of adultery as hereinbefore mentioned) to show that she was not entitled to alimony in case a divorce should be granted to your petitioner.

That such motion came on to be argued in this court, on the 10th day of July, 1857, as your petitioner has been informed and believes, and was, as your petitioner has likewise been informed and believes, resisted by, or on behalf of, the said defendant, and subsequently refused by this court, on the ground that your petitioner's said bill of complaint did not allege adultery against the said defendant, and, consequently, that no evidence of that fact, if it existed, could be received in the then shape, and the then state of this suit.

That your petitioner, although he had for some time suspected that the said defendant had been guilty of adultery, was never in a situation to adduce evidence thereof, until the time lastly hereinbefore mentioned, and therefore could not conscientiously assert such to be the fact in his said bill of complaint.

That by the decree of this court, made in this cause on the 14th day of July, A. D. 1857, after setting forth, among other things, that all the material facts charged in said bill were true, and that the defendant had been guilty of the several acts of cruel and inhuman treatment therein charged, it was, among other things, ordered and adjudged, that the bond of matrimony between your petitioner and the said defendant, should be, and that the same was thereby dissolved, and that the said parties were, and each of them was freed from the

obligations thereof. And it was further ordered and adjudged that Victoria, the infant child and daughter of the parties, should be given to the defendant, and that she should have the care and education of the said child, until the further order of this court. And it was further ordered and adjudged that your petitioner should pay to the said defendant the sum of three hundred dollars, per annum, from the date of that judgment, in quarterly payments, for the support and maintenance of the defendant until the further order of the court. And it was further ordered and adjudged, that your petitioner should pay to the defendant, the further sum of seventy-five dollars per annum from the date thereof, in quarterly payments, for the support and maintenance of the said infant child, Victoria, until the further order of this court. And it was further ordered and adjudged that your petitioner should pay the costs in this action to be taxed, and also pay to the defendant or her solicitor, within ten days after the demand of the same, the sum of two hundred dollars, for her costs and expenses, in and about her defence in that proceeding; and certain directions were given for your petitioner's giving security for the payment of the said sums to the said defendant, as by reference to the said decree, to which your petitioner refers, will appear.

That, in pursuance of the said decree, your petitioner duly paid to the solicitors of the said defendant the sum of two hundred dollars therein mentioned; and he has since paid to the said defendant one quarter, which accrued due on the 14th day of October last, of the said sums of three hundred dollars and of seventy-five dollars; and he intends to continue to pay the same until the further order of this court.

That the said defendant has ever since the date of the said decree had the care and custody of the said child.

That your petitioner feels greatly aggrieved by the said decree, inasmuch as he verily believes that, if his said motion of

the 9th day of July, 1857, had been granted, he should have been able clearly to establish by evidence, one or more charges of adultery against the said defendant, which, as your petitioner is advised, must have prevented her from obtaining any allowance of alimony from him, and also have shown her to be an improper person to have the care, management and education of your petitioner's said child.

Your petitioner respectfully submits the matters aforesaid to this court, and humbly prays that he may be permitted to adduce to this court, and either with or without a jury, or with or without a reference to a court commissioner, or other competent and proper person, as this court may think most proper, such evidence as he may be advised to adduce for the purpose of showing that the said defendant did, whilst she was the wife of your petitioner, commit the crime of adultery; and that in case your petitioner shall establish to the satisfaction of this court the charge of adultery aforesaid, then that so much of the said decree as directs the payment by your petitioner to the said defendant of the sum of three hundred dollars per annum may be altogether vacated, or, if not so vacated, revised and altered in such manner as this court may deem just; and that, in the case aforesaid, so much of the said decree as gives to the said defendant the care, custody and education of the said child, Victoria, may be vacated, and the care, custody and education of the said child given to your petitioner; and that in the last mentioned case, so much of the said decree as directs your petitioner to pay to the said defendant the sum of seventy-five dollars per annum for the support and maintenance of the said infant child, may be wholly vacated, or that this court will be pleased to make such further or other order, and grant to your petitioner such further or other relief in relation to the matters aforesaid, as the circumstances aforesaid may require, and as to this court may seem just. And your petitioner will ever pray, &c."

On the 24th day of December, 1857, the said circuit court made an order on the said petition, of which the following is a copy:

" Upon reading the foregoing petition and affidavit, this court doth order that the said defendant do, on the 5th day of January, 1858, show cause to this court why this court should not make an order for the trial of, and why a jury of the county of Dane should not be impanelled to try before this court, and on a day to be named by this court, the question of fact following, that is to say, "whether the said defendant did or did not, whilst she was the wife of the said plaintiff, Jesse W. Helden, commit the crime of adultery," and that the said plaintiff and the said defendant, respectively, may be at liberty on their respective parts, to adduce on such trial, such testimony touching the matter aforesaid, as they respectively may be advised. And it is further ordered, that a copy of said petition and affidavit, and of this order, be served upon the said defendant within five days from the date hereof."

On the 21st day of January, 1858, the petition was called on for argument, when the defendant offered the following affidavit:

" Louisa A. Helden, the defendant in the above entitled action, being duly sworn, says she never was guilty of the crime or act of adultery, during the time she was the wife of the above named Jesse W. Helden, and never had any intercourse with any other person, save the said Jesse W. Helden, and that the pretence to the contrary, in the petition of the said Jesse W. Helden is untrue and without foundation."

Sworn, &c.

January 30, 1858, the circuit court made the following order : " upon hearing the allegations as well of the counsel of the said plaintiff, as of the said defendant, it is ordered that the said petition do stand dismissed out of this court with leave

to the said plaintiff to appeal to the supreme court if he shall be so advised."

From which order the appellant took his appeal.

*Wm. Petherick*, for the appellant.

*Orton & Hopkins*, for the respondent.

*By the Court*, SMITH, J.    Although it seems to be conceded by counsel that the motion filed by the petitioner's counsel on 9th of July, 1857, in the original suit, for leave to take testimony as to the fact of adultery of the wife, was properly denied, yet we are of a different opinion.    The alleged ground for overruling the motion was, that there was no allegation of adultery in the original bill.    It must be remembered that the judgment of the court as to the right of the petitioner to a divorce, had been virtually awarded, and the cause had been referred to take testimony as to the property of the petitioner and other matters, to enable the court to make the proper order in regard to alimony and the custody, education and support of the child.    These were matters on which it was necessary for the court to be informed irrespective of any charges or allegations of the bill or answer.    The decree of divorce was permanent and unalterable, but the order or orders in regard to alimony were contingent, and subject to modification from time to time.    The questions were, which, if either of the parents, should have the custody of the child, regarding the welfare of the child only, and what were the claims of the respondent upon the petitioner in view of all the circumstances of the case.    A woman who has been guilty of adultery is unfit to have the care and education of children, and more especially of female children, nor is she entitled to support out of the husband's estate.    And where these mat-

ters of alimony and the custody of the child were the subject of consideration, it was competent for the court, and its duty to inquire into all the facts and circumstances, touching the character, temper, and conduct of the parties, and unresticted by the issue formed by the pleadings. We are therefore of the opinion that the motion of the 9th July, 1857, should have been sustained and the evidence taken. This is an error apparent upon the record.

But passing this by, the 28th section of chapter 79 of the Revised Statutes, wisely renders all orders for alimony and the custody of children subject at all times to the revision, alteration and modification of the court. It reads as follows : " After a decree for alimony or other allowance, for the wife and children, or either of them, and also a decree for the appointment of trustees to receive and hold any property, for the use of the wife and children, as before provided, the court may, from time to time, on the petition of either of the parties, revise and alter such decree, respecting the amount of such alimony or allowance, and the payment thereof, and also respecting the appropriation and payment of the principal and income of the property so held in trust, *and may make any decree respecting any of the said matters which such court might have made in the original suit.*"

Here then is the most ample power given to the court, over such decrees, and if the court could, in the original suit have heard testimony touching the character and conduct of the wife, in view of the amount of alimony to be awarded, and the custody of the female child, the same may be done now on the petition of either of the parties.

It is said that if the fact of adultery had been set out in the original petition as a cause of divorce, the respondent might have avoided its effect by recrimination or condonation. This is very true, and she might have defeated the action so far as that cause was concerned. But the decree of divorce was

not granted upon that, but upon other grounds. But no amount of recrimination or condonation of adulteries can render an adulteress a fit person to have the custody and education of a female child. What effect recrimination or condonation might have upon the award of alimony, need not now be determined. No reason is now perceived why she might not be permitted to prove either of these matters, and it will then be time for the court to decide upon their effect upoh the question of alimony.

It is quite clear that the fact of adultery (if it existed) did not come to the knowledge of the petitioner, until after publication had passed in the original suit, and that he availed himself of it at the earliest opportunity, by motion of the 9th July, 1857. He could not have set it up in his original bill, and we do not perceive that he is chargeable with any unfairness or delay.

We are not advised of the merits of the original suit, any farther than the court granted a decree of divorce, on account of the proofs, sustaining the charges in the original bill, which we presumed was properly rendered. No matter for what cause the divorce was granted, the whole field of inquiry is open in regard to the custody and support of children and alimony to the wife.

It is said that the granting of this petition will be a great hardship upon the respondent. Not so if she is guilty. It may be that the court has the same power to allow suit money to defend this charge, as upon the original petition. That question is not before us, and we will not now attempt to decide it. It is in the power of the court to protect the parties, and the section of the statute above quoted,gives ample scope for the exercise of its authority.

The order of the court below is reversed and the cause remanded for further proceedings.