## WILLIAMS VS. WILLIAMS.

DIVORCE: ALIMONY AND DIVISION OF ESTATE. (1, 2) *Authority of courts of this state as to alimony and division of estate. Gross sum preferable to annual allowance.* (3) *General rule as to amount of alimony in gross.* (4, 6) *Case stated, and rule applied. Interest on unpaid allowance. Costs of litigation.*

1. In cases of divorce, the courts of this state have ample power, by statute, to regulate the division and distribution of the husband's estate, and the allowance of alimony to the wife, in order to do justice between the parties. R. S., ch. 111; 20 Wis., 586.

2. It is as competent for the court to assign the divorced wife a specific portion of the husband's estate, or to order the payment of a *gross* sum, as to award a certain sum per annum, payable quarterly, as was done in this case; and a decree of the former kind is frequently preferable, in order to avoid the danger of further strife and litigation.

3. The *amount* of alimony (in gross) to be allowed the wife, even when the value of the husband's property is definitely known, cannot be determined by any fixed rule, but ranges from one-half to one-third or even less, according to the circumstances of the case.

Williams vs. Williams.

4. The defendant (the divorced husband) in this case appears to own about $20,000 worth of real property, including unimproved and unproductive land of about one-third that value, and also including a homestead valued at $1,500. His personal property (consisting chiefly of stock in trade, business accounts, and about $400 worth of household furniture) is estimated at $10,000, and his indebtedness at about the same sum. There is no satisfactory evidence as to the amount of his income, but his business is shown to be depressed, and judgments are entered up against him, which, if enforced by execution, would probably take the bulk of his property. The court below allowed plaintiff as alimony $600 per annum, payable quarterly, and $100 per annum in addition for the partial support, during her minority, of a daughter nineteen years old living with the mother, together with most of the household furniture, and the use of the homestead during plaintiff's life. In lieu of that allowance, this court, on appeal, directs that plaintiff be allowed $3,000 in gross, and the absolute title to the homestead and furniture, and that the provision for the payment of $100 annually for the daughter during her minority remain unchanged.

5. The decree should so order the manner of payment of the gross sum allowed as not to render it unduly burdensome; but the plaintiff will be entitled to interest at seven per cent. on the amount allowed, from the day the judgment is entered.

6. Defendant (who is the appellant here) is also required to pay the costs of this court (excluding attorney's fees), and all sums previously allowed and still unpaid; but on payment of a certain sum heretofore allowed by this court during the pendency of this appeal, he is to be credited therewith as a payment on the judgment here ordered.

APPEAL from the Circuit Court for *Dane* County.

Action by a wife to obtain a divorce on the ground of cruel and inhuman treatment. A decree of divorce having been obtained, the plaintiff, at a subsequent term of the court, applied for alimony, which was allowed her. From this allowance the defendant appealed. The following paragraphs were originally written by Mr. Justice COLE as a part of his opinion in the case:

"Both parties acquiesce in or submit to this judgment of divorce, and the only remaining controversy between them grows out of the question of permanent alimony. The court below adjudged that the defendant should pay the plaintiff as

alimony proper, $600 per annum, besides the sum of $100 per annum for the partial support and maintenance of her daughter, Lillian, until she attained her majority ; these payments to be made in equal quarterly installments, commencing on the first day of January, 1873.    The court also gave the wife absolutely all the household furniture, bedding, etc., which was in use as such in the dwelling house in which the parties resided together before the commencement of this suit, with some exceptions which were specified in the judgment ; and further assigned to the wife, for her sole and separate use during life, the homestead property in the city of Hudson, comprising the dwelling house and lot or lots pertaining thereto included within the inclosure or fence surrounding the homestead.

"It is now claimed and insisted on the part of the defendant, that the amount of alimony allowed the wife is greatly disproportioned to the husband's estate and ability to pay, and that it should be largely decreased ; that the allowance of $100 per annum for the daughter's support during her minority was unwarranted and wrong; and further, that it is for the manifest advantage of both parties that whatever alimony is allowed the wife should be awarded in a gross sum, rather than sums made payable quarterly during her life ; and the request is made for a modification of the judgment in that particular."

*Vilas & Bryant,* of counsel for appellant, contended, 1. That the court below, in fixing the value of defendant's property at $20,000, had largely overestimated it in disregard of the testimony.    2. That it had greatly underestimated his indebtedness, and, in determining its amount, had excluded many items which should have been included, and particularly the expenses of the litigation.    *Moul v. Moul,* 30 Wis., 205. 3. That the ability of the wife to contribute to her own support had not been considered, as it should have been, in determining the amount of her alimony.    *Goodheim v. Goodheim,* 2 Swa. & Tris., 250; *Hammond v. Hammond,* 1 Clark (N. Y.), 151.    4. That the allowance in this case largely

exceeds the proportion generally granted in such actions, which ranges from one-half, not infrequently allowed when the bulk of the property came originally from the wife, down to one-third, of the husband's estate. *Cole v. Cole*, 27 Wis., 531; *Moul v. Moul, supra;* 2 Bishop on M. & D., §§ 464, 472; *Burr v. Burr*, 10 Paige, 20; 7 Hill, 207; *Peckford v. Peckford*, 1 Paige, 274; *Miller v. Ford*, Saxton (N. J.), 362; *Richmond v. Richmond*, 1 Green Eq. (N. J), 90; *Barrere v. Barrere*, 4 Johns. Ch., 187; *Bedell v. Bedell*, 1 id., 604; *Prather v. Prather*, 4 Des., 33; *Stewartson v. Stewartson*, 15 Ill., 142; *Rudman v. Rudman*, 5 Ind., 63; *Hyatt v. Hyatt*, 33 id., 309; *Ifert v. Ifert*, 29 id., 473; *Abey v. Abey*, 32 Iowa, 576; *Brown v. Brown*, 22 Mich., 242. 5. That the allowance should be of a sum in gross rather than an annuity, because the husband's income was indeterminate, being subject to the fluctuations of an unreliable business, and it would be safer for the wife and better for him that she take her share at once; and also because it would terminate litigation, while the latter plan would almost inevitably result in bitter and exhaustive strife.

*H. C. Baker* and *H. A. Wilson* (with *P. L. & R. C. Spooner;* of counsel), for respondent:

1. In determining the amount of alimony to be allowed a divorced wife, the nature and extent of the husband's *delictum* or fault (in this case extremely gross) should be considered. 2 Bishop on M. & D., §457, and cases cited in note 3; *Burr v. Burr*, 7 Hill, 207. 2. The duty of a husband to maintain his wife does not depend upon his having visible, tangible property, but upon his ability to earn money; and she is entitled, upon divorce, to a fair share of his income as alimony, the proportion ranging from one-third to one-half. 2 Bishop, §§ 446, 465, 467. 3. In this case, the alimony granted appears, from all the evidence, to be a fair and reasonable proportion of the defendant's property.

COLE, J. It seems to us that there is no ground of com-

plaint on account of the allowance made for the support of the daughter during her minority. It appears that she continues to live with her mother, whom the court thought entitled to the society of the daughter and the custody of her person. True, the court found from the evidence that the daughter was then nineteen years of age, was in good health, and was able to do something towards, if not quite able to gain, her own livelihood. But still, considering her father's circumstances, it was perfectly reasonable and just that he should make some provision for her education and support. He is under a strong moral obligation to do so, and we would naturally suppose the feelings and affections of a father would prompt him to the discharge of this duty. There is no pretense that she has forfeited her claims upon him for necessary support by any misconduct. The amount allowed is considerably less than what it will require to board and clothe her, and she will be compelled to labor more or less for her support. He has sufficient means to educate and support her, and we are unwilling to suppose he really begrudges the mere pittance allowed for her maintenance. It is far more creditable to him to consider the objection to its payment formal merely, and that it was not intended to be seriously urged and insisted upon in this court as a ground for reversing the judgment. It will, therefore, be dismissed from further consideration.

The position taken by defendant's counsel that it is for the benefit of both parties that whatever alimony is allowed the wife should be in the form of a specific portion of the husband's estate, or a gross sum, rather than quarterly payments for life, strikes us with more force. It seems to us quite probable that the peace, happiness and welfare of the parties will be promoted by adopting this suggestion. This unhappy controversy has continued with great bitterness for some years, and it would seem desirable that all occasion for future litigation should as far as possible be removed. The allowance of alimony in the form of quarterly payments for life will most

likely, with the feeling existing between the parties, lead to further litigation and strife. The statute gives the court ample power to regulate the division and distribution of the husband's estate, and the allowance of alimony to the wife, in order to do justice between the parties. Ch. 111, R. S.; *Donovan v. Donovan*, 20 Wis., 586. It is quite as competent for the court to assign to the wife absolutely a specific portion of the husband's estate, or to order the payment of a gross sum, as to award alimony in the form it did. About this there is no room for doubt, under the provisions of the statute as interpreted by this court. The question as to the amount which should be allowed the wife is one of more difficult solution. The amount depends in a large measure upon the value of the husband's estate and his ability to pay. And where the value of the husband's property can be ascertained with reasonable certainty, the law has fixed no definite rule as to the exact proportion which should be allotted for permanent alimony. The quantity allowed ranges from a moiety down to a third, and even below that proportion, according to the circumstances of the particular case, and what seems fair and just between the parties. 2 Bish. M. & D., §§ 462 et seq.; *Burr v. Burr*, 7 Hill, 207; *Cole v. Cole*, 27 Wis., 531; *Moul v. Moul*, 30 id., 203.

The testimony is somewhat conflicting in regard to the value of the defendant's property. The court below found that he was the owner of real estate in the county of St. Croix of the value of $20,000, consisting of twenty-four lots in the city of Hudson and a forty-acre tract, not in the city limits, worth $100. We are inclined to think this estimate of the value of the real property quite as high as the evidence warrants, even including the lots conveyed by the defendant to his mother by the deed mentioned in the case. And in view of the facts disclosed in the testimony we are satisfied that those lots were properly regarded as a part of his estate, out of which alimony should be allotted. About one-third in value of the real estate is unimproved and unproductive. Lot 12 in block

G of the Willow River Plat is improved, having a substantial store building erected thereon, which is used for business purposes and is worth over $10,000. According to the testimony, the homestead on Vine Street is worth not far from $1,500. The court below found that the defendant's personal property, consisting mostly of his stock in trade and business accounts and demands, including $400 of household furniture, amounted to about $10,000, which was about equal to his indebtedness for borrowed money and for merchandise purchased for sale in his business. The testimony in regard to defendant's income from his property and business, over and above the expenses of taxes, insurance, clerk hire and his personal needs, is vague and uncertain, and hardly warrants any definite conclusion upon the subject. It appears that the debts incurred by him and directly growing out of this litigation are considerable, and that his business is much depressed. Judgments to a large amount have been entered up against him, and, should their collection be enforced by levy and sale upon execution, it would undoubtedly require the bulk of his property to satisfy them. Looking at all these considerations, we are inclined to think the amount of alimony allowed by the circuit court greater than the condition and value of his estate will warrant. Besides, it is made payable quarterly — a form of allowance which, under the circumstances, we deem objectionable. We are inclined to give the plaintiff the sum of $3,000, and the homestead and household furniture allotted to her, absolutely, instead of the amount awarded by the court below. This we consider a reasonable provision in view of all the facts. If the plaintiff prefers to take $1,500 in lieu of the homestead and household furniture, she should have that election. Otherwise the homestead and furniture should be decreed to her absolutely, or in fee simple, as her sole, separate property, together with $3,000 in a gross sum out of the defendant's estate. Whatever amount the defendant is required to pay, the manner of payments should be so ordered as not to render it un-

duly burdensome for him to make them. The plaintiff will be entitled to interest on the amount at the rate of seven per cent. from the the time the judgment was entered in the court below. The defendant should have a credit of $350 — the amount of alimony allowed by this court by its order of the 16th day of June last, to be deducted when paid. The defendant is also required to pay the costs of this court, excluding attorney's fees, and all previous sums allowed the wife which remain unpaid. We have already remarked that he should pay the sums allowed for the partial support and maintenance of the daughter during her minority.

In this case it was urged by plaintiff's counsel, that the misconduct of the defendant had been conclusively established by the judgment of divorce, and that, as the wife was the injured party, driven by his cruelty from home, she ought to be liberally supported. There is force in this position; but, having regard to the circumstances of the defendant, we think the amount allowed the wife is as much as he is able to pay.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for further proceedings according to this opinion.