## Varney vs. Varney.

*April 13 — May 31, 1883.*

*Divorce — Alimony.*

1. In an action for a divorce on the ground, among others, of a failure to support, the complaint of the wife and a counterclaim by the husband were dismissed. Before the entry of the judgment the time during which the husband was required by the court to pay temporary alimony to the wife had expired, and he failed thereafter to provide for her support. For that cause, pending an appeal by the husband from the judgment, and without obtaining an order for further temporary support, the wife commenced a second action. *Held*, that such action could be maintained.
2. A divorce being granted in such second action, this court, upon the evidence in *both* actions, modifies that part of the judgment dividing the husband's property by decreasing the share allotted to the wife.
3. The unchastity of the wife previous to marriage, though not a ground for dissolving the marriage, may be considered in the division of property.

APPEAL from the Circuit Court for *Fond du Lac* County. The case is thus stated by Mr. Justice Cassoday:

" On July 29, 1875, the plaintiff, *Lucinda*, was married to the defendant, *Daniel*. On January 7, 1877, *Lucinda* brought suit for divorce, alleging cruel and inhuman treatment, and failure to support. *Daniel* counterclaimed, alleging adultery after the marriage and also the fraudulent concealment of unchastity prior to the marriage. On May 18, 1880, judgment was entered dismissing the complaint for failure of proof, and also dismissing the counterclaim alleging adultery, for the same reason, and it was also held that the concealment of her previous unchastity was not ground for divorce. 52 Wis., 120. In that suit temporary allowance and alimony was paid to *Lucinda*, under the orders of the court, up to April 1, 1880. On July 3, 1880, and pending *Daniel's* appeal to this court from the former judgment,

this action was commenced by *Lucinda* on the grounds of desertion and failure to support. *Daniel* again counterclaimed, alleging cruel and inhuman treatment before the first action, in attempting to poison him on four different occasions, but which the court found not sustained by the evidence. The court also found that, although *Daniel* had sufficient ability so to do, yet he had failed to support *Lucinda* for more than three months next preceding the commencement of the action. The court also made a final division of *Daniel's* property, and in such division gave *Lucinda* the absolute title to certain land therein described, valued at $1,000, and adjudged that *Daniel* pay to *Lucinda* $1,850 in money, with interest from the entry of the judgment, and the further sum of $75 to her attorneys, besides the taxable costs of the action. From the judgment entered in favor of the plaintiff the defendant appealed."

*De W. C. Priest*, for the appellant.

For the respondent there was a brief by *Spence & Hiner*, and oral argument by *Mr. Spence* and *G. E. Sutherland*.

CASSODAY, J. Without reciting the testimony we must hold that the alleged attempt of *Lucinda* to poison *Daniel* was not established by the evidence. We are also of the opinion that the court was justified in finding that *Daniel* had failed to support *Lucinda* for more than three months next preceding the commencement of this action, notwithstanding he had sufficient ability to support her. The mere fact that he had provided her with temporary support to April 1, 1880, in pursuance of the order of the court in the former action, did not relieve him from supporting her thereafter. Nor did the pendency of the appeal from the judgment in the first action make it obligatory upon her to obtain further temporary support by an application for and through an additional order. Nor did her failure to prove want of support prior to the first action prevent her from maintain-

ing a second action for divorce on the ground of his subse-. quent failure to support. Such subsequent failure was entirely independent of such prior failure, and hence of the cause of action alleged in the first complaint. The first judgment, having dismissed the complaint and counterclaims, left the parties as though no such action had been commenced. That judgment did not make any division of property, nor provision for future support. True, there was an appeal, but no stay of proceedings. The statute makes the refusal or neglect of the husband to provide for his wife, when he has sufficient ability so to do, a ground for divorce in her favor. Subd. 3, sec. 2357, R. S. It prescribes no particular length of time during which such refusal or neglect must continue in order to give such right of action. Of course, the refusal or neglect must be substantial and designed, since it must be coupled with a sufficient ability to provide. There was, therefore, a valid ground for the divorce, and it is well for the parties that it was so. This is abundantly shown by the circumstances under which the marriage occurred, and the subsequent domestic controversies between the parties.

This brings us to the question of alimony or allowance to the wife. The statute, among other things, provides, in effect, that upon every divorce for any cause, excepting that of adultery committed by the wife, the court may further adjudge to the wife such alimony out of the estate of the husband for her support and maintenance, as it shall deem just and reasonable, or the court may finally divide and distribute the estate, both real and personal, of the husband between the parties, and divest and transfer the title of any thereof accordingly, having always due regard to the legal and equitable rights of each party, the ability of the husband, the special estate of the wife, the character and situation of the parties, and all the circumstances of the case. Sec. 2364, R. S. This statute gives the court a broad dis-

cretion in such matters. Here it was exercised in making a
final division and distribution of the husband's estate. The
action being equitable in its nature, and the findings duly
excepted to, the questions of such final division, distribution,
and allowance are before us for determination the same as
they were before the trial court. Such powers have often
been exercised by this court in changing the amount of such
allowance. *Hopkins v. Hopkins,* 39 Wis., 167; *Campbell v.
Campbell,* 37 Wis., 206; *Moul v. Moul,* 30 Wis., 203; *Will-
iams v. Williams,* 36 Wis., 362; *Bacon v. Bacon,* 43 Wis.,
197. There is no fixed rule as to the proportion of the hus-
band's property or permanent alimony to be decreed to the
wife on granting a divorce. It usually ranges from one half
down to a third, and even below that proportion, according
to the circumstances of the particular case, and what seems
fair and just between the parties. *Williams v. Williams,
supra,* 367.

In determining such a question the court is not confined
to the record upon which the divorce was granted. Thus,
in *Helden v. Helden,* 7 Wis., 296, the husband having ob-
tained a divorce on the ground of the cruel and inhuman treat-
ment of the wife (no other cause of action being alleged), it
was held that it was competent upon petition to take testi-
mony in regard to the alleged adultery of the wife subse-
quently discovered, for the purpose of modifying the decree
in respect to alimony and the custody of the children. In
the language of the statute, the amount is to be just and
equitable, due regard being had to the legal and equitable
rights of each party, the ability of the husband, the special
estate of the wife, the character and situation of the parties,
and all the circumstances of the particular case. Such being
our duty, we cannot shut our eyes to the fact that *Daniel*
was precluded from obtaining a divorce on one of his coun-
terclaims in the first action, only on the ground that *Lucinda's*
unchaste character previous to the marriage was not a

ground for dissolving the marriage contract. *Varney v. Varney*, 52 Wis., 120. It is, however, a fact which may be considered in the final division and distribution of the husband's property in a judgment of divorce. So, under the statute, we cannot shut our eyes to the habits, character, conduct, and life of the respective parties prior to the marriage, nor to the peculiar circumstances under which the marriage was brought about, nor to the fact that *Lucinda* made an application for a divorce within eighteen months after the marriage, nor to the liberal allowance made to her during more than six years' litigation, nor to the history of this unfortunate marriage. It is unnecessary to repeat the story here, and it would benefit no one to do so. It is bad enough that reference must be made to it in a bound volume which is not sealed. It may be that the acquisition of property was not the only inducement to the marriage. It is sometimes difficult to detect the secret thought of woman as well as man. It may be that genuine affection was the motive to the marriage, but if so it seems to have been peculiarly disguised. Under any ordinary circumstances we should not be disposed to change the distribution of property made by the trial court, but, under all the circumstances, this court is of the opinion that the judgment gives the wife too large a share of the husband's property. We therefore modify the judgment by affirming it in all respects, except that the cash allowance to the wife of $1,850 is hereby reversed, and reduced to $850, to be allowed as of the date of the judgment in the circuit court, and interest thereon from that day. And it is hereby ordered that the defendant pay to the clerk of this court his fees, and to the plaintiff's attorneys her taxable costs and disbursements on this appeal, and also in addition $50 solicitor's fees.

*By the Court.*— Ordered accordingly.