McCHESNEY, Respondent, vs. McCHESNEY, Appellant.

*October 4 — October 22, 1895.*

*Divorce: Division of estate: Excessive allowance.*

A husband's available property amounted to about $15,000, and consisted chiefly of an interest in real estate inherited from his father and incumbered with the mother's dower estate. A judgment against him for divorce, providing that he pay $7,000 to his wife as a final division of his estate. and that he pay her $200 annually for the support of their children during minority, is modified by reducing to $5,000 the amount allowed to the wife as her share of the estate, and making said sum payable in instalments.

APPEAL from a judgment of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge. *Affirmed in part; reversed in part.*

The facts are stated in the opinion.

*B. W. Jones* and *John Ollis,* for the appellant, argued, among other things, that the provision made for plaintiff by way of division of estate and alimony was excessive. *Williams v. Williams,* 36 Wis. 362; *Varney v. Varney,* 58 id. 19; *Moul v. Moul,* 30 id. 203; *Campbell v. Campbell,* 37 id. 206; *Hopkins v. Hopkins,* 39 id. 167; *Thomas v. Thomas,* 41 id. 229; *Pauly v. Pauly,* 69 id. 419; *Blake v. Blake,* 75 id. 339; *Burr v. Burr,* 7 Hill, 207; *Forrest v. Forrest,* 25 N. Y. 501; *Lovett v. Lovett,* 11 Ala. 763; *Ressor v. Ressor,* 82 Ill. 442; *Day v. Day,* 84 Iowa, 221; *Reed v. Reed,* 86 Mich. 600; *Doolittle v. Doolittle,* 78 Iowa, 691; *Segelbaum v. Segelbaum,* 39 Minn. 258; *Graft v. Graft,* 76 Ind. 136; *Robbins v. Robbins,* 101 Ill. 416; *Hamilton v. Hamilton,* 37 Mich. 603; *Andrews v. Andrews,* 69 Ill. 609; *Farley v. Farley,* 30 Iowa, 353; *Von Glahn v. Von Glahn,* 46 Ill. 134; *Hyatt v. Hyatt,* 33 Ind. 309; *Conner v. Conner,* 29 id. 48. Where the wife does not bring property to her husband, or does not aid by her labor and economy in accumulating the estate, this fact

should be considered in limiting the alimony to be allowed; and this is especially true where the husband acquires the property by inheritance. *Dinit v. Eigenmann*, 80 Ill. 274; *Stillman v. Stillman*, 7 Baxter, 169; *Sesterhen v. Sesterhen*, 60 Iowa, 301; *Robbins v. Robbins*, 101 Ill. 416; *Cummings v. Cummings*, 50 Mich. 305; *Musselman v. Musselman*, 44 Ind. 106; *Von Glahn v. Von Glahn*, 46 Ill. 134; *Conner v. Conner*, 29 Ind. 48.

For the respondent there was a brief by *La Follette, Harper, Roe & Zimmerman*, and oral argument by *G. E. Roe.* To the point that the allowance was not excessive, they cited *Donovan v. Donovan*, 20 Wis. 586; *Webster v. Webster*, 64 id. 438; *Harran v. Harran*, 85 id. 299.

WINSLOW, J. This is an action of divorce in which a decree of divorce *a vinculo* was granted to the plaintiff on the ground of adultery and cruel treatment. The only question seriously contested on this appeal is as to the propriety of that part of the judgment providing for a division of the estate.

The parties were married November 24, 1887, and had three children, aged respectively five, four, and two years at the time of the judgment; the custody of all of them being awarded to the plaintiff. The defendant had property at that time of the value of about $16,000. This property consisted principally of the defendant's share in the estate of his deceased father, which is not yet settled. This property was made up of one fourth interest in a quantity of farm lands valued at $60,000, subject to the widow's dower, making the defendant's interest therein about $13,000; also, the defendant's prospective interest in the personal estate, with some few hundred dollars of his own, making an aggregate of about $3,000 in personal property, and a grand total, real and personal, of $16,000. Out of this there is to

McChesney vs. McChesney.

be deducted $765.75, still to be paid by the terms of the judgment to the plaintiff's attorneys for allowances, disbursements, etc., saying nothing of the liabilities to his own counsel, nor of the $200 counsel fees already directed to be paid by order of this court. The defendant's available estate, therefore, may rightly be said to amount to $15,000. The judgment provides that defendant pay the plaintiff $7,000 as a final division of the estate; also $200 per year for the support of the children during their minority, such annual payment to be diminished one third in amount as each of the children arrives at the age of twenty-one years.

If the defendant's estate consisted of money or securities convertible into cash at any time, we might not feel called upon to interfere with the division of the property here made, although the share given the wife is certainly a large one, especially as it appears that she has not helped to accumulate it. In view of the fact, however, that the defendant's property is largely real estate, already incumbered with a dower estate, we think the cash allowance made to the plaintiff is entirely too large. Real estate cannot be readily converted. The charge for the children's support must first be paid out of it. Common experience teaches that so heavy an incumbrance as this upon farming lands frequently results in financial ruin and the sweeping away of the whole property. Such a result should not be made probable. The defendant, notwithstanding his bad conduct, should have a fair opportunity to clear his property without resort to forced and ruinous sales or the incurring of a load of debt which will eventually sweep it all away. We think that, under the circumstances here present, the court should not have awarded more than $5,000 to the plaintiff as her share of the estate, and provision should also have been made that the same might be paid by instalments running for at least two years, with interest on deferred payments, and with the

privilege to the defendant of paying the entire amount at any time. We do not think the judgment is in other respects objectionable.

*By the Court.*— That part of the judgment providing for division of the estate of the defendant is reversed, and the remainder of the judgment is affirmed, and the action is remanded with directions to modify the judgment in accordance with this opinion. The plaintiff having been already allowed $200 counsel fees in this court, no further allowance will be made to her, but the defendant will be required to pay the fees of the clerk of this court.