Von Trott, Appellant, vs. Von Trott, Respondent.

*April 21—May 8, 1903.*

*Divorce: Alimony: Division of property: Discretion of trial judge: Costs: Appeal and error.*

1. Under sec. 2364, Stats. 1898 (providing that the court may adjudge to the wife such alimony out of the estate of the husband for her support and maintenance as it shall deem just and reasonable, or may finally divide and distribute the estate, both real and personal, of the husband between the parties), alimony is given for the nourishment of the wife, is only temporarily fixed by the judgment, is subject to judicial supervision and revision during the husband's lifetime, and can never be given in conjunction with a division of the husband's estate.

2. In an action for divorce a judgment ordering defendant to pay plaintiff $3,900 out of his estate of $14,000, "as alimony, support and maintenance, and as full and final division, partition and distribution of said estate" considered, and *held* to adjudge a final division and distribution of the husband's estate in lieu of alimony.

3. In an action tried by the court without a jury, the findings of fact will not be disturbed unless the preponderance of the evidence is clearly and decidedly against the findings.

4. In an action for divorce on the ground of adultery, guilt of the husband is a proper matter for consideration in the division of his estate, but the weight to be given such fact rests so exclusively within the discretion of the trial judge that, standing alone, failure to regard it is not prejudicial error.

5. It appeared, among other things, that plaintiff was left with no family cares after the separation, that she was quite advanced in years when she married defendant and had no children by him; that she neither brought him property, nor helped materially to accumulate his property; that she was a woman of more than ordinary accomplishments, in good health, and had children of mature age, educated in part by the aid of defendant, and from these children she could reasonably expect assistance if in need thereof. The husband's estate consisted of household furniture which had been equally divided between the parties without the aid of the court and $14,000 consisting of land and a stock of drugs. The judgment awarded plaintiff $3,900 in money as a final division and distribution of the husband's estate. *Held*, that thereby a full equivalent of one third of the immediate money equivalent of defendant's entire estate was awarded to the plaintiff.

6. Under sec. 2631, Stats. 1898, authorizing the court in actions for divorce to order the husband to make such payment to enable the wife to carry on the action as, in its discretion, shall be necessary or proper, the conclusions reached by the trial judge in such matter, except in case of clear abuse of such discretion, is not subject to review on appeal.

7. Appeals to the supreme court in cases where the respondent may be required to pay the costs of both parties, regardless of whether appellant prevails or not, are not to be encouraged by awarding costs regardless of the merits of the appeal, and hence, in an action for divorce, where $125 had already been awarded for expenses of the wife, and the appeal of the wife was without merit, the judgment was affirmed without costs to either party except that respondent was required to pay the clerk's fees.

APPEAL from a judgment of the circuit court for Milwaukee county: WARREN D. TARRANT, Circuit Judge. *Affirmed.*

Action for divorce with incidental relief. The ground of the complaint upon which plaintiff recovered judgment was adultery of the defendant. The court concluded in respect to the matters material to a provision for plaintiff as regards property thus: 'Defendant owned at the time of the commencement of this action some real estate in the city of Milwaukee, a stock of merchandise such as is ordinarily kept in

a small drug store, 300 acres of land in the state of Texas, and a quantity of household goods and some other property, such property, however, not being in excess of his liabilities. The value of the Milwaukee real estate is $9,000, the drug store stock $3,000, the Texas land $1,000 and the household goods $1,500 to $2,000. Such goods were equitably divided between the parties without the aid of the court, plaintiff receiving about one half. The aggregate value of the other property is not in excess of $14,000. The net income of defendant from all sources is $1,025, somewhat over one half being for personal services. Plaintiff had no property whatever when she married defendant. She then had two infant children who were taken into defendant's family and supported by him until they became of age. She had no children by defendant. She is in fair health, the same not being sufficiently impaired, at least, to require medical treatment.

Upon that state of the case the court held that plaintiff ought to have out of defendant's property $3,900, the same being called an allowance for alimony, support and maintenance and as a full final partition and distribution of defendant's estate, to be paid $100 within ten days from date of judgment, $3,800 within six months from such date and to draw interest at six per cent. per annum till paid if not paid within two months from such date, and to be a lien upon defendant's real estate subject to permission to him to incumber the same by a mortgage for the purpose of raising money to satisfy plaintiff's demand, paying the proceeds of the loan into court for her use. It was further held that $150 as attorney's fees, in addition to all sums on that account previously allowed, should be paid by defendant, and that he should pay the taxable costs of the litigation, which were adjusted at $104.82. Judgment of divorce on findings sufficient for that purpose was entered, with a provision for plaintiff in accordance with the foregoing. During the litigation defendant was compelled to pay plaintiff for tempo-

rary support about $1,000 and for attorney's fees and suit money about $200.

*W. B. Rubin,* for the appellant.

*George L. Williams,* for the respondent.

MARSHALL, J.   At first view of the judgment in this case we were not certain what kind of a provision the learned court purposed therein requiring respondent to make for appellant; that is, whether alimony was decreed to her, which would be subject, necessarily, to change thereafter if the circumstances of the divorced husband should change (*Bassett v. Bassett,* 99 Wis. 344, 74 N. W. 780); or whether a portion of respondent's property was decreed to her upon a final division of his estate between the parties, absolutely ending all relations between them of every nature.   *Gallager v. Gallager,* 101 Wis. 202, 77 N. W. 145.   Of course, it must be one thing or the other.   The statute expressly so provides. Sec. 2364, Stats. 1898.   The language thereof is as follows:

"The court may adjudge to the wife such alimony out of the estate of the husband for her support and maintenance . . . as it shall deem just and reasonable, or the court may finally divide and distribute the estate, both real and personal, of the husband and so much of the estate of the wife as shall have been derived from the husband, between the parties, . . . having always due regard to the legal and equitable rights of each party, the ability of the husband, the special estate of the wife, the character and situation of the parties and all the circumstances of the case."

Alimony is given for the nourishment of the wife.   *Bacon v. Bacon,* 43 Wis. 197.   The amount thereof is only temporarily fixed by the judgment.   It is subject to judicial supervision and revision during the life time of the husband upon the theory that, though the married relations may be in all respects, except duty to support the wife, ended, that duty remains a continuing burden upon the divorced husband so long as the parties both live and the wife remains in need of such

support.  *Maxwell v. Sawyer,* 90 Wis. 352, 63 N. W. 283.
It can never be given in conjunction with a division of the
husband's estate, for the purpose of that is to render the par-
ties strangers to each other, essentially the same as before
the marriage, to compensate the wife once and forever, for
the cancellation of all obligations of the husband to support
the wife and all her claims of every nature upon his society
or estate.   So it is of importance to understand just what
kind of a decree we have before us for review.   What might
be a proper provision as alimony might not be proper as a
division of property, and *vice versa.*   What might seem small
as alimony this court might not see its way clear to disturb
because of its being subject to subsequent revision by the trial
court to adjust the same to changes in the circumstances of
the parties.   What might in a division of the property seem
out of harmony with the circumstances of the husband either
one way or the other, all things considered, this court might
not feel warranted in disturbing on account of the very broad
discretionary power over the subject vested in the trial court
by statute.   The language of the decree as to property mat-
ters is this:

"It is ordered, adjudged and decreed that the said defend-
ant pay to the said plaintiff the sum of $3,900 out of said
defendant's estate as alimony, support and maintenance, and
as a full and final division, partition and distribution of said
estate."

That is, appellant was given $3,900 as alimony, using sub-
stantially the language of the statute, but it was given at the
same time, apparently, to be deemed appellant's share of re-
spondent's estate upon a full and final division thereof.   The
language chosen to express the idea of an award of a portion
of respondent's estate to appellant in lieu of alimony is very
inappropriate for the purpose.   It indicates want of under-
standing of the nature of alimony and of the requirements of
the statute.   However, appellant's counsel treats the decree

as awarding property in lieu of alimony, and taking the language thereof as a whole probably the trial court pronounced judgment that way, but counsel in preparing the decree for the judicial signature did not in form carry out that idea.

We have carefully considered the evidence in the case and the views of appellant's counsel in respect thereto, and are unable to come to the conclusion that the findings of fact are contrary to the clear preponderance of the evidence. Counsel urge upon us with much earnestness the duty, as he understands it, of examining the evidence and deciding the matters of fact involved as a court of original jurisdiction would do it. This court, of course, on appeal from a judgment in an action tried in the court below without a jury, must review the evidence to see if the findings of fact are supported thereby, if proper exceptions are taken to present such matters for such review; but that does not mean that the evidence must be examined here as a court of original jurisdiction would examine it in coming to the initial conclusions upon which the judgment should rest. That cannot be done from the very nature of things, because of the many aids which the trial court has for discovering the truth, which cannot be preserved upon the written or printed record of the trial. This court, upon proper exceptions in an action, reviews the evidence upon which the findings of fact were made by the trial court, but does so governed by established rules of appellate procedure. It is one of the unbending rules thereof that presumptions are to be indulged in favorable to the correctness of the findings of fact to the extent of precluding disturbance thereof unless the preponderance of the evidence not only appears to be against such findings but decidedly and clearly so. This court does not use judicial scales for the weighing of evidence. They are weighted down on one side at the start by the probability that the findings of the court involved are right. The preponderance of evidence the other way must necessarily be quite significant in order to incline

the balance that way.  The rule in that regard has been evolved by long experience of appellate tribunals, and is deemed to be the one most likely in the end to best promote the ends of justice.  *Endress v. Shove,* 110 Wis. 141, 85 N. W. 651.

Applying the rule mentioned to the record before us, after a careful review thereof, we are constrained to leave the decision of the trial court upon matters of fact undisturbed and to do so without embodying in this opinion any discussion of the evidence in detail.  If the case were at all close on this branch of it such a discussion might well be indulged in and perhaps be called for, but we do not find it so.  The trial court seems to have carefully considered the evidence and to have reached conclusions well supported at all points.

Assuming the facts upon which the court based the division of the property to be as found, there is little or no room for reasonable complaint that we can discover.  Certainly, no ground worthy of serious consideration in face of the plain statute we have quoted, leaving the subject of how much of the husband's estate, upon a final division thereof, to award to the wife, to be solved by the trial judge within the broadest range which his judgment may reasonably take upon the evidence, subject to revision on appeal only in case of clear abuse of judicial power.  That is the plain purpose of the statute.  The trial court is not governed in such matters by any arbitrary rules other than those found in the statute as the same has been construed by this court.  True, there are indications in the decided cases, in a general way, of the boundaries beyond which a trial court may not go; but the safe field in that regard is a very broad one, in harmony with the letter and spirit of the statute, and it would have to be very plainly overstepped to warrant relief therefor here.

It has been said that for temporary relief the wife should be granted one fifth of the husband's income.  *Williams v. Williams,* 29 Wis. 517.  Here we note that such proportion

was greatly exceeded,—a matter proper for consideration when making the final division. It has been said that the share of the husband's property to be awarded to the wife may properly range from a moiety to a third or even less, according to circumstances. *Varney v. Varney,* 58 Wis. 19, 16 N. W. 36. Here there were no special circumstances to aid the wife other than guilt of the husband, which did not really render appellant's situation any worse after the judicial separation than it would have been had the divorce been granted upon some other ground. True, such guilt was a proper matter for consideration in dividing the husband's estate, but what weight to give thereto was a matter so exclusively resting in the sound discretion of the trial judge that, standing alone, failure to regard it would not be considered fatally prejudicial. We see no indications in the record that the trial court did not in this case give due weight to such circumstance. Appellant was left with no family cares after the separation. She had borne respondent no children. She was quite advanced in years when she married him. She brought him no property. She did not aid him materially if at all to accumulate property. She was left in good health, apparently, as regards ability to support herself. She was a woman of more than ordinary accomplishments, apparently, rendering her more than ordinarily capable of successfully meeting, by her own efforts, the necessities of life. She had children of mature age, educated in part at least by the aid of respondent, and from whom she naturally had reasonable expectations of pecuniary and other assistance if in need thereof. They were, as it appears, capable of rendering such assistance and may be reasonably expected to so remain during her life. They were assisted to that situation materially at the expense of respondent. These and many other things that might be mentioned were very proper matters for consideration by the trial judge in reducing the amount of prop-

erty which under other circumstances might have been awarded appellant.

However, the equivalent of a full third of respondent's property was given to appellant in conformity to the precedents found in the books and referred to in *Varney v. Varney, supra,* and other cases. Counsel for appellant does not look at the decision of the court that way, because of an exaggerated notion, in our judgment, of what the evidence shows as regards respondent's property, and further because proper regard is not given to the fact that the provision for appellant is in the form of money. Several witnesses testified that the value of the Milwaukee real estate was around $9,000, which counsel seems easily to set aside in favor of witnesses who placed the value at a much higher amount, contrary to the judgment of the trial court. Counsel suggests the existence of $7,200 in money belonging to respondent's estate, none of which was found by the trial court to exist. We are unable to find in the evidence any satisfactory proof to create even a well-grounded suspicion that there was any such sum of money as $7,200, or any property other than what was found by the trial court. Counsel makes up his amount of $7,200 by charging respondent with the various sums of money borrowed through a period of some nine years, and the amount received for certain real estate sold, and crediting him with payments of various accounts and a loss of $2,500. The loss testified to by respondent was from $3,500 to $4,000. No credit is given for interest payments upon loans, which was evidently very large. No credit is given for several payments made by respondent of a large amount and specifically mentioned by him, and others that it appears clearly from his evidence he must have made. Appellant's attorney charges respondent with borrowed money to the extent of $9,700 and credits him with payments on loans with only $7,000. No credit is given for the balance of

the indebtedness of $2,700. It is counted as money on hand
secreted or concealed, as counsel terms it. There are many
other features of the account that might be referred to, indi-
cating that a very exaggerated idea of the evidence is dis-
played in the brief of counsel, one which, of course, it cannot
be expected that the trial court could have looked upon with
favor. Respondent's income is referred to by counsel as
being double what it was found to be by the trial court. Such
finding, in our judgment, is well supported by the evidence.

Referring more particularly to the failure of counsel to re-
gard the difference between property in the form of money
and property measured by money in making a division of an
estate consisting of real estate and merchandise, it must be
kept in mind that while property must be measured in hand-
ling it and dividing it, if values are considered, in its money
equivalent, fixing that upon the basis of the market value as
determined from opinion evidence, that method only gives an
approximation, and often times not a very close one. Com-
mon experience shows that a person may be in theory quite
wealthy, looking at his possessions as valued upon opinion
evidence, or even in his own judgment, and yet be poor in
fact in face of a necessity to use the property presently in the
form of money. It has been very plainly indicated by this
court that failure to recognize the burden cast upon the hus-
band in dividing his estate in a case like this and awarding a
portion thereof to a divorced wife in the form of money, re-
gardless of the difference we have indicated between awarding
a money equivalent for real estate and goods and chattels,
and awarding part of such property in specie, may well be
deemed an abuse of judicial discretion. Why so? Because
it is a matter of common knowledge that the immediate
money equivalent of an estate consisting of various kinds of
property, especially of lands and merchandise in the form of
store goods of any kind, is materially less than the market
value thereof, as that would ordinarily be determined upon

opinion evidence. For failure to recognize that, relief was granted here in *McChesney v. McChesney,* 91 Wis. 268, 64 N. W. 856, and *Roelke v. Roelke,* 103 Wis. 204, 78 N. W. 923.

In this case the household goods, to start with, were equally divided between the parties. That was done by agreement under some compulsion by the court pending the litigation. Exception is taken to that view by appellant's counsel, but upon reading the evidence we are inclined to think he is wrong. The other property, as specifically valued by the court, aggregates $13,000. Appellant was awarded money to the amount of one-third of such sum less $433.33. What the real money equivalent of respondent's estate was could not be told very definitely any other way than by actually turning the same into money. We should say that the amount awarded appellant, in all reasonable probability, was at least one third of the immediate money equivalent of the entire estate. In view of that and the fact that she got one half of the household goods, and especially in view of the fact that she got an excessive allowance for support pending the litigation, and all the other circumstances to which we have referred, and others that might be referred to, it seems that there is no reasonable ground to complain of the disposition of the property of respondent by the trial court. The division, under the circumstances, is one that should have been submitted to without further expensive litigation.

Complaint is made because the court limited the amount to be paid by respondent to compensate appellant for her expenses incurred for attorneys in this litigation in addition to the sums theretofore awarded to her for that purpose, to $150. That is the first subject treated in the argument for appellant, indicating that it is considered one of the most important matters upon the appeal. It is suggested that the allowance for attorney's fees should be measured upon the theory that the award of property is not to be diminished at

all by expenses of the litigation, and *Clarke v. Burke,* 65 Wis. 359, 27 N. W. 22, is cited. We find nothing of that kind there suggested. On the contrary it is suggested in the opinion that whether to allow the wife for attorney's fees and in the event of an allowance what sum to allow is a matter resting in the sound discretion of the trial court under sec. 2361, Stats. 1898; that it is competent for such court to make the husband pay all or a part of the wife's expenses in the litigation or not any of them, according to circumstances. That is undoubtedly the true rule. The conclusion reached by the trial judge in such a matter, except in case of clear abuse of judicial discretion, is beyond the reach of this court. There plainly was no such abuse here. The case was by no means complicated. The amount of property incidentally involved was not large. While the amount of labor performed by the learned counsel for appellant seems to have been quite large, the amount of necessary labor was not unusual for such a case. There were repeated motions in the case for temporary alimony, for attorney's fees, and for money to pay the expenses of the litigation, and other motions and proceedings. Some of the applications were granted and many denied, indicating that in the judgment of the trial judge, which certainly has support, there was a disposition on the side of appellant to make the litigation unnecessarily burdensome to respondent. The case at many points shows that he was pursued with rather excessive labor, with the net result, among other things, that out of an annual income of about $1,000, or $2,000 in the whole during the time intervening between the commencement of the action and the entry of the decree, he was compelled to pay for appellant's support, and for her expenses of various kinds in the litigation, some $1,150, leaving but about $800 for his own support and expenses. On the whole, we should say that the additional allowance of $150 and taxable costs, amounting to $254.82, was quite liberal to appellant.

The above words "excessive labor," we do not desire should be read as indicating more than a high degree of fidelity of attorney to client that should not count in the whole in determining how much of the latter's expense respondent should pay. Such fidelity may in any case, as it probably did here, result from commendable ambition to serve the client,—in harmony, however, with the idea that it should not all count in an equitable adjustment of the portion of such client's expenses the opposite party should pay.

The final conclusion reached is that this judgment must be affirmed as one awarding appellant a portion of respondent's estate in lieu of alimony, without costs to either party except that respondent must pay the clerk's fees.

Appeals to this court in cases where the respondent may be required to pay the costs of both parties regardless of whether appellant prevails or not, should not be encouraged by awarding costs regardless of the merits of the appeal. Where there is no question of sufficient doubt to warrant presenting it here, looking at the matter from the standpoint of that sound judgment and fairness which should always be exercised by attorneys in such a situation in determining whether to appeal to this court or not, the respondent, upon prevailing, should not be required to pay any considerable amount of costs in excess of such sums, at least, as may have been awarded prior to the final conclusion of the case. We do not find sufficient merit in this appeal to move us to look very favorably upon the decision to bring the case here. In that view, and in view of the fact that appellant has already been allowed in this court the sum of $125 as expenses, respondent should not be required to pay further costs other than clerk's fees.

*By the Court:*—The judgment of the circuit court is affirmed as one awarding property to the divorced wife in lieu of alimony, no costs to be allowed to either party except that respondent is to pay the clerk's fees.