MARTIN, Respondent, vs. MARTIN, Appellant.

*October 27—November 14, 1905.*

*Divorce: Revision of judgment: Final division of property.*

1. In a proceeding under sec. 2369, Stats. 1898, for modification of a divorce judgment by providing, in lieu of alimony, for a final division of the husband's estate, the court should ascertain the amount and value of his property and his liabilities at the time of the hearing of the application for such modification, and should base its decision upon that and the other circumstances.

then existing, and not upon the condition of the husband's property at the time of the original judgment.

2. Upon the modification of a judgment by providing for a final division of property in lieu of alimony, an award of $1,500 to the wife, practically transferring to her all of the husband's estate, is *held* erroneous and the amount is reduced to $600.

APPEAL from an order and a judgment of the circuit court for Fond du Lac county: CHESTER A. FOWLER, Circuit Judge. *Order reversed; judgment modified and affirmed.*

This is an appeal from an order and judgment for a final division and distribution of the property of the defendant in an action for divorce. The original judgment, rendered March 12, 1902, dissolved the marriage between the parties, awarded temporary alimony to the plaintiff, and awarded the custody, care, and support of the three children to the defendant, but did not decree a final division of the property. Under this decree it devolved upon defendant to support, maintain, and educate the three children, the issue of the marriage. This he has done up to the present time, and he expects to carry out this obligation in the future. This proceeding was brought by the defendant to secure a final division of the property. At the time of the granting of the divorce the court found that the value of the defendant's estate, after deducting all claims against it, amounted to about $3,900. This property consisted of the homestead, the title to which was in the name of both parties, the household furniture, a law library, the defendant's interest in his father's estate, a house and lot in another part of the city, and some personal property. The homestead and the other house and lot were mortgaged. Since the decree was given, the defendant has disposed of his interest in his father's estate and has sold the house and lot owned by him at that time. He now has his homestead, which has not been keep in good repair and is valued at from $3,500 to $4,000; the household furniture, of the value of about $150; his law library, of the value of from $200 to $250; and about $75 in cash. The mortgage on

the homestead and the unpaid taxes and interest amount to $1,824.35, and defendant's personal obligations amount to $890.55, making a total indebtedness of $2,714.90. Defendant is now fifty-four years of age, and his income amounts to about $1,200 yearly. Plaintiff was awarded temporary alimony of $20 per month, and is earning $20 per month as a stenographer. She is now forty years of age.

The court awarded judgment in favor of plaintiff for $1,500, and gave defendant six months in which to pay this amount, and in the meantime ordered that he continue to pay the $20 per month. This is an appeal from the order and that part of the judgment decreeing the final distribution of defendant's estate.

*Maurice McKenna,* for the appellant.

For the respondent there was a brief by *Doyle & Hardgrove,* and oral argument by *T. L. Doyle.*

SIEBECKER, J. The plaintiff was awarded the sum of $1,500 as a proper and reasonable amount out of defendant's estate in the final division and distribution of the estate in a proceeding under sec. 2369, Stats. 1898. The trial court evidently acted upon the condition of defendant's property as found by the court when the original judgment was rendered March 12, 1902. We think that the statute under which this proceeding is instituted contemplates that the court should ascertain the amount and value of the defendant's property and his liabilities at the time of hearing the application for a division, and should then make a final division and distribution of it, with "due regard to the legal and equitable rights of each party, the ability of the husband, the special estate of the wife, the character and situation of the parties, and all the circumstances of the case." Proceeding from this standpoint, we are unable to affirm the conclusion of the court awarding the plaintiff the sum of $1,500 in such a final division and distribution.

It becomes material to ascertain what property defendant actually owned and the amount of his indebtedness at the time of the modification of the decree, namely, June, 1905. The witnesses who testified to the value of defendant's homestead did not place it above $4,000. This appears to be a liberal estimate of its actual value. If we add to this the value of his personal property as shown by the evidence, $475, we obtain a total for defendant's estate of $4,475. The real estate is subject to a mortgage, claims of accumulated interest, and some unpaid taxes, amounting to $1,824.35. This leaves an equity of the value of not to exceed $2,650.65 under the most favorable estimate and conditions, and this amount in all probability could not be realized in case it should become necessary to convert it into money. Defendant's liabilities, additional to the liens upon his real estate, amount to $890.55. Deducting the total of his liabilities from the value of his entire estate would leave but $1,760.10, and out of this plaintiff was awarded $1,500. As stated, the defendant would in all probability be unable to realize on this any sum approximating the amount awarded plaintiff as her share in the final division and distribution. It would practically amount to transferring the residue of his estate to her, and probably would leave a deficiency against him in her favor. This result cannot be justified in the light of the circumstances of the case and the rights of the parties. There is nothing special in the character or situation of the parties to take the case out of the rule applied by this court from an early day and repeatedly adhered to in the following cases. *Varney v. Varney,* 58 Wis. 19, 16 N. W. 36; *McChesney v. McChesney,* 91 Wis. 268, 64 N. W. 856; *Roelke v. Roelke,* 103 Wis. 204, 78 N. W. 923; *Edleman v. Edleman,* 125 Wis. 270, 104 N. W. 56. Under the rule of these cases we are of the opinion that plaintiff should be awarded the sum of $600 in a final division and distribution of defendant's estate.

*By the Court.*—The order appealed from is reversed, and that part of the judgment awarding plaintiff $1,500 in the

final division and distribution of defendant's estate is modi-
fied so as to award her the sum of $600; and as so modified the
judgment is affirmed. No costs are allowed to either party.
The defendant will be required to pay the fees of the clerk
of this court.