RODER, Appellant, vs. RODER, Respondent.

*October 10, 1918—January 7, 1919.*

*Appeal: Exceptions: Divorce: Division of property: Discretion.*

1. In a divorce action a conclusion of law as to the amount which the wife should receive on a final division of property need not be excepted to in order to raise on appeal the question whether that allowance should be disturbed.
2. Wilful desertion of the husband by the wife and misconduct

on her part are proper to be considered in making a division of property.

3. The rule that, upon a final division of the husband's property, from one half to one third is a proper allowance to the wife is not inflexible. Each case must depend upon its own particular facts and the amount to be allowed rests in the sound discretion of the court.

4. In this case an allowance to the wife of one third of the net value of the husband's property is *held* too large and is greatly reduced.

APPEAL from a judgment of the circuit court for Monroe county: E. C. HIGBEE, Circuit Judge. *Modified and affirmed.*

For the appellant there was a brief by *Donovan & Gleiss* of Tomah, attorneys, and *Grady & Farnsworth* of Portage, of counsel, and oral argument by *W. H. Farnsworth.*

For the respondent the cause was submitted on the brief of *Naylor & McCaul* of Tomah.

The following opinion was filed November 6, 1918:

KERWIN, J.    This is an action for divorce brought by the plaintiff husband against the defendant for desertion. The parties were married March 9, 1898, and this judgment was rendered November 14, 1917. Two children were born to plaintiff and defendant as the fruits of said marriage, a girl and a boy, aged respectively eighteen and sixteen years. The real estate in question was acquired by the plaintiff through inheritance, but the defendant continued to live with the plaintiff on a farm, and performed services as a farmer's wife from the time of marriage up to the desertion alleged in the complaint with the exception of a short time many years prior to the desertion, when defendant left the plaintiff and was afterwards induced to return.

The court below found that the net valuation and amount of the property owned by the plaintiff, real and personal, after deducting debts, obligations, and liabilities of plaintiff,

was the sum of $14,100, and that the plaintiff was a fit person to have the custody and control of the minor children.

The judgment awarded to plaintiff the care and custody of the children, and upon a final division of property adjudged that the plaintiff pay to the defendant $4,700, the same being one third of the net value of plaintiff's property, and that such amount be received by the defendant in lieu of alimony and as a full and final division and settlement of all property rights, claims, and demands between plaintiff and defendant, and also ordered that the plaintiff pay to the attorneys of defendant the sum of $50 attorney fees and $10 disbursements, in addition to the fees of the clerk of the court.

The plaintiff appealed from the judgment, and the only question raised is whether the judgment as to division of property should be disturbed.

The respondent claims the exceptions are not sufficient to raise this question. There is an exception in the record to the finding as to the valuation of property. This is sufficient. The adjudication as to the amount which defendant should receive on final division is a conclusion of law and no exception thereto was necessary.

The defendant put in an answer in the case, but offered no testimony. The proof offered on the part of the plaintiff showed wilful desertion, also various acts of misconduct on the part of the defendant. It is unnecessary to recite here the acts of misconduct complained of. They were, to say the least, very improper on the part of a married woman and are to be considered by the court on division of property. *Helden v. Helden,* 7 Wis. 296; *Weber v. Weber,* 153 Wis. 132, 140 N. W. 1052; *Varney v. Varney,* 58 Wis. 19, 16 N. W. 36; *Lindenmann v. Lindenmann,* 118 Wis. 175, 176, 95 N. W. 96.

The amount awarded to the defendant upon division was one third of the plaintiff's property. Counsel for respondent contends that under the decisions of this court the allowance

made to the defendant should not be disturbed. It is true this court has held that from one half to one third is a proper allowance. *Hiecke v. Hiecke,* 163 Wis. 171, 157 N. W. 747. The rule, however, is not inflexible. Each case must depend upon its own particular facts, and the amount awarded rests in the sound discretion of the court in view of all the facts and circumstances in the case. *Gauger v. Gauger,* 157 Wis. 630, 147 N. W. 1075; *Lindenmann v. Lindenmann, supra.*

In this case the court is of opinion that the amount awarded to the defendant was too large and that it should be reduced to $2,000.

*By the Court.*—The judgment of the court below is modified by changing the judgment where it provides for payment of $4,700 by plaintiff to defendant on division of property to $2,000, and as so modified the judgment is affirmed as of the date thereof. No costs are allowed on this appeal, except that respondent pay the clerk's fees.

A motion by the respondent for a rehearing was denied, with $25 costs, on January 7, 1919.