CRAM, Appellant, vs. CRAM, Respondent.

*November 5—December 2, 1919.*

*Divorce: Division of estate: Property derived mediately or immediately from the husband.*

1. The plaintiff husband had $300 when he married, worked as a day laborer for three years, and became the possessor of different canning factories which prospered under his management and in which he invested his earnings as well as money borrowed. The defendant wife invested a $2,500 inheritance in one of the factories, and later the joint holdings of the parties were sold at a profit and the proceeds reinvested in properties which were held jointly by them. *Held,* that the property of the wife, except as to the $2,500, must be considered, for the purpose of division of the estate on divorce, as property mediately or immediately derived from the husband within the contemplation of sec. 2364, Stats.

2. In view of the situation of the parties, the conduct of the wife, and the fact that the estate of the husband is less than $18,000, while that of the wife is in excess of $13,000, an award to the wife of $5,000 is reduced to $1,000.

APPEAL from a judgment of the county court of Dodge county: WILLIAM H. WOODARD, Judge. *Modified and affirmed.*

This is an appeal by the plaintiff 'from a part of a judgment dissolving the bonds of matrimony between the parties and making a division and distribution of the plaintiff's estate by the county court.

The plaintiff brought this action for divorce from defendant on the grounds of cruel and inhuman treatment. The plaintiff appeals from that part of the judgment which divides and distributes between the parties plaintiff's property and estate, both real and personal, by awarding to defendant the sum of $5,000.

The parties were married April 24, 1895, at which time neither possessed any property excepting $300 belonging to the plaintiff. It appears that he worked as a laborer for three years after their marriage, and thereafter became processor and manager of different canning factories. These concerns prospered under his management. He borrowed money to invest in them and thereby accumulated some money which he invested in canning company stock. In 1901 defendant invested $2,500 of the money she received from her mother's estate in stock in a canning factory and held it in her name. Later plaintiff and defendant sold their joint holdings for twice what they had paid. This money was reinvested in various properties, title to everything being taken in both their names.

The court found upon trial of the case that the estates of plaintiff and defendant amounted to something over $30,000, of which defendant owns about $13,850. The judgment awards to the defendant the sum of $5,000 as final division of plaintiff's estate and directs that he pay $910 attorney's fees, costs and disbursements incurred in this action. Plaintiff appeals from that part of the judgment which distributes his estate.

For the appellant there was a brief by *Clark & Lueck* of Beaver Dam, and oral argument by *A. W. Lueck* and *Royal F. Clark*.

For the respondent the cause was submitted on the brief

of *Grady & Farnsworth* and *Bogue & Sanderson,* all of Portage.

SIEBECKER, J.    The plaintiff assails that part of the judgment which awards a division and distribution of his estate.    An absolute divorce was granted upon the plaintiff's complaint on the ground that defendant had treated plaintiff cruelly and inhumanly for a period exceeding four years immediately preceding the trial of the action. The court found that the plaintiff's separate property amounted to $19,400 and that defendant's separate estate was of the value of $15,000; that the plaintiff had debts and liabilities aggregating $2,350, and that defendant's property is subject to a mortgage of $1,150.    Deducting the liabilities of the parties respectively from the value of their separate estates as found by the court, the husband's estate has a net value of $17,050 and the wife's $13,850. An examination of the record has led us to conclude that these valuations as found by the court cannot be disturbed and must be adhered to in determining a just and equitable division and distribution of property between the parties. The plaintiff contends that the trial court in making this distribution disregarded the equitable rights of the plaintiff to such parts of defendant's property as she derived from him, and the character and situation of the parties, and the plaintiff's impaired ability and health resulting from defendant's cruel and inhuman treatment.    As appears in the foregoing statement, the parties had lived together as husband and wife for nearly twenty-four years at the time the decree of divorce was granted.    Plaintiff was fifty-nine years of age and his health was impaired; defendant was forty-three years of age and in good health.    At the time of their marriage neither one had any separate estate. Plaintiff, after their marriage, continued to work in a flour mill for a year, and thereafter he was employed in a pea-canning factory, of which he became general manager and superintendent

after two years, and thereafter continued in such employ-
ment to the time of the trial.    It appears that his skill and
industry greatly enhanced the profits of the business he con-
ducted and that his and her accumulations were the result of
his labor and industry, except that the defendant inherited
$2,500 which she invested in 1901 in one of the canning
companies which plaintiff conducted.    It is apparent that
the money which the parties invested in the so-called Cram
building and its furnishings, of which each party, as the
court found, now owns an undivided one-half interest, is
largely the product of plaintiff's labor and skill.    The de-
fendant's interest therein and her $5,000 of canning com-
pany stock, after deducting the $2,500 contributed by her
individually, is property mediately or immediately derived
from the plaintiff, within the contemplation of sec. 2364,
Stats., and must be so regarded to ascertain the legal and
equitable rights of the parties for the purpose of making a
division and distribution of the plaintiff's estate in this
action.    *Martin v. Martin,* 167 Wis. 255, 167 N. W. 304;
*Roder v. Roder,* 168 Wis. 283, 169 N. W. 307; *Gauger v.
Gauger,* 157 Wis. 630, 147 N. W. 1075.

The evidence amply sustains the findings of the court
that defendant treated plaintiff in a cruel and inhuman
manner and that she was guilty of such wilful misconduct as
to show a reckless disregard of her marriage vows.    The
facts showing how the property of the parties was accumu-
lated during their married life and that the value of the
wife's estate was the result of the husband's labor and in-
dustry, considered in the light of her conduct which calls
for the dissolution of the bonds of matrimony, present a
case which requires that her estate so acquired must be con-
sidered in connection with the plaintiff's estate in making a
final division and distribution between them in this action.
We are persuaded that the trial court did not give "due
regard to the legal and equitable rights of each party, the
ability of the husband, the special estate of the wife, the

character and situation of the parties and the circumstances of the case," as contemplated by sec. 2364, Stats., in awarding the final division of the property as provided in the judgment entered. We are of the opinion that the $5,000 award to defendant out of the husband's estate is so excessive as to render it an inequitable and unjust division and distribution, and we find that the judgment must be modified by reducing the $5,000 so awarded by the trial court to $1,000, and as so modified the judgment stands affirmed. Neither party is to be awarded any costs or disbursements in this court; the defendant to pay the fees of the clerk of this court.

*By the Court.*—It is so ordered.