SLOWIKOWSKI, Appellant, vs. SLOWIKOWSKI, Respondent.

*September 24—October 19, 1920.*

*Divorce: Final division of estate: Property derived from husband: Appointment of trustee.*

1. Under sec. 2364, Stats., a judgment in an action for divorce brought by the wife which divested her of title to a vacant lot and gave it to the husband and which required him to pay to the wife $1,400 in cash, is not inequitable, the total property accumulated by the joint efforts of the parties being about $3,640 and the wife having derived the vacant lot from the husband.

2. Under sec. 2368, Stats., it is discretionary with the court whether or not to appoint a trustee to receive any money adjudged the plaintiff wife, and an order appointing a trustee will not be disturbed on appeal except for abuse of discretion.

APPEAL from a judgment of the superior court of Douglas county: SOLON L. PERRIN, Judge.  *Affirmed.*

Action for divorce.  Plaintiff was granted a decree, and a final division of the property of the parties was made and a trustee appointed to manage plaintiff's share.  She appealed· from that part of the judgment dividing the property and appointing a trustee.

For the appellant there was a brief by *Pickering & Rieser* of Superior, and oral argument by *R. M. Rieser.*

For the respondent the cause was submitted on the brief of *D. E. Roberts* of Superior.

VINJE, J.  It appears from the evidence that the parties had been married some thirty-six years and that before this action was begun she had begun another divorce action. The first action was settled by his deeding to her a vacant lot of the value of about $700.  The parties belonged to the working class and all the property owned by them had been acquired by their joint labor since they were married.  In addition to the vacant lot defendant owned a farm worth $1,140 and the house and lot in which they lived, worth ′ about $1,800, their total property being of the value of about $3,640 as the court might well find from the evidence.  The court divested plaintiff of the title to the vacant lot and gave it to defendant and required him to pay plaintiff $1,400 in cash.  She claims she could not be deprived of her own property—the vacant lot—and that the allowance made was inadequate.  Sec. 2364, Stats. 1919, provides that "the court may finally divide and distribute the estate, both real and personal, of the husband and so much of the estate of the wife as shall have been derived from the husband."  This vacant lot was derived from the husband.  The reason for its derivation is immaterial.  It might have been a pure gift or made in settlement of the former suit as in this case.  It was none the less property derived from the hus-

band.    In a case where a wife purchases real estate from her husband and pays for it out of her separate estate a different rule may apply.    That we do not decide.    But even if the vacant lot should be considered hers we cannot set aside the division made, for then the husband would own property of the value of $2,940 out of which the wife received $700, or nearly one fourth; or perhaps more than one fourth, as he was required to pay the costs of the suit. So in either view of the case the judgment as to the division of the property cannot be reversed as inequitable.

Sec. 2368 provides that the court "may also appoint a trustee, when deemed expedient, to receive any money adjudged to the wife upon trust."    The trial judge saw the plaintiff upon the stand and could judge from such inspection and testimony whether the appointment of a trustee for her was expedient.    Suffice it to say nothing is disclosed in the record to warrant this court in disturbing the discretionary act complained of.

*By the Court.*—Judgment affirmed.