TWOHIG, Respondent, vs. TWOHIG, Appellant.

*January 14—February 7, 1922.*

*Divorce: Division of estate: Allowance to wife: Custody of children: Appointment of trustee for wife: Discretion of court.*

1. In a divorce action, an allowance to the wife of the use of the homestead for life, taxes and insurance upon which the husband was required to pay, and an award to her of $5,082.15 out of the balance of the property, amounting to $6,554.37, is

excessive, even though the wife has debts in the sum of $2,000, and the property of the parties, which had been largely earned by their joint labors, will after the payment of all debts be equally divided.

2. Where a decree is granted to the husband but the wife is charged with the maintenance of the children, it is proper to allow the wife more than the usual one third, even though her marital delict is the greater.

3. It was proper to give the custody of two minor daughters, aged thirteen and eight, to the wife, notwithstanding she was guilty of desertion, where there is no claim that the wife was not morally fit to care for the children.

4. If the trial court has refused to appoint a trustee for the wife, such action will not be disturbed unless an abuse of discretion appears.

APPEAL from part of a judgment of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Modified and reversed.*

Action for divorce. A decree was granted to the defendant on the ground of plaintiff's desertion. Her claim for divorce on the ground of cruel and inhuman treatment was not sustained. The court awarded plaintiff the custody of the two minor daughters of the parties, aged respectively thirteen and eight years; gave her the use for life, or widowhood, of the homestead in Fond du Lac, valued at $6,000, and $5,082.15 in cash, including household furniture of the value of $600. It gave the defendant $1,472.22 in cash and the homestead mentioned, subject to the wife's estate for life or widowhood; required him to pay the taxes and insurance on the homestead, and $12 per month each for the support of the two minor daughters until each reached the age of eighteen years.

From that part of the judgment dividing the property as above stated and from that part thereof adjudging the custody of the two minor daughters to the plaintiff and refusing to appoint a trustee for her the defendant appealed.

*T. L. Doyle* of Fond du Lac, for the appellant.

For the respondent there was a brief by *Reilly & O'Brien* of Fond du Lac, and oral argument by *J. E. O'Brien.*

VINJE, J.   At the time of the divorce the plaintiff was
about fifty years of age and the defendant about fifty-two
years.   He was earning from $80 to $100 per month as a
motorman, but was not in very good health.   At the time
of their marriage he had about $1,800 and she had about
$50 in cash and some household linen, etc.   The balance of
the property owned by them had been earned by their joint
labors.

There is no dispute as to the total value of the property
as found by the court.   Such value, exclusive of the home-
stead, was $15,676.18.   The indebtedness of the parties
was as follows: mortgage and interest on their farm
$4,111.81, mortgage and interest on their homestead in
Fond du Lac $1,610; debts of the defendant $1,400, and
debts of the plaintiff $2,000, aggregating in all $9,121.81,
leaving their net property value, exclusive of the homestead,
at $6,554.37, out of which the court allowed the wife
$5,082.15 and the husband only $1,472.22, charging him
also with the taxes and insurance on the homestead as long
as plaintiff occupied it.   This was too large an allowance
to the wife and must be modified.   It is the view of the
court that all the property owned by them should be di-
vided finally so that they need have no further business
dealings.   This necessitates a change in the judgment as
to the homestead.   The court deems it should be set over
to the wife absolutely, subject to the mortgage and interest
of $1,610, and that she should receive one half of the net
value of all their property.   Adding the value of the home-
stead to the net value of their other property as stated above
makes the net value $12,554.37, one half of which is
$6,277.18.   The value of the homestead subject to the
mortgage and interest is $4,390, leaving the wife's share of
the cash at $1,887.18.   The debts of both parties were con-
tracted during marriage and the husband is liable for them,
and they will be paid by him out of the property before di-
vision, or out of his share as above determined.   There is

some doubt as to the amount of the wife's debts, but she claimed they amounted to about $2,000, and her claim will be taken as true. We allow the wife one half because she is charged with the maintenance of the two minor daughters except his contribution of $12 each per month till they reach the age of eighteen years. This we think under present economic conditions throws the greater burden upon her and she should have more than the usual one third even though her marital delict was the greater. *Roder v. Roder,* 168 Wis. 283, 169 N. W. 307.

We think the court properly awarded the custody of the two minor daughters, aged respectively thirteen and eight years, to the wife. *Jenkins v. Jenkins,* 173 Wis. 592, 181 N. W. 826. While it correctly found she deserted her husband, such desertion was at least in part due to radical differences that had grown up between them, and there is no claim that she is not morally fit to care for them. Their best home is with the mother, subject to such visits of the father as the judgment provided.

There is a claim and some showing that the wife was extravagant, but we cannot say the trial court abused its discretion in refusing to appoint a trustee for her. The court's action in that respect will not be disturbed unless an abuse of discretion appears. *Slowikowski v. Slowikowski,* 172 Wis. 460, 179 N. W. 510.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment as indicated in the opinion. Each party will pay his own costs, and the defendant will pay the clerk's fees in this court.