HELANDER, Appellant, vs. WOGENSEN, Respondent.

*January 10—February 6, 1923.*

*Homestead: Contract to convey: Failure of wife to sign: Effect: Sales: Property consumed before valid sale: Damages.*

1. A contract for the sale of a farm which included the vendor's homestead and the personal property thereon, in which his wife did not join, was void under sec. 2203, Stats., as construed in *Rosenthal v. Pleck*, 166 Wis. 598.
2. Such contract being void, the vendee acquired no title to the personal property until the execution of a deed signed by the vendor and his wife, and could recover nothing for the feed and hay on such farm used and appropriated by the vendor subsequent to such contract but before the deed was executed and possession of the personal property transferred.

APPEAL from a judgment of the circuit court for Wood county: BYRON B. PARK, Circuit Judge. *Affirmed.*

On the 27th day of August, 1919, the plaintiff, who was then a resident of Illinois, entered into a written contract with the defendant by virtue of which the defendant agreed to sell to plaintiff his farm, located in Wood county, together with certain personal property thereon, including all crops, such as hay, grain, oats, and potatoes, for the sum of $11,000. Fourteen hundred dollars was paid at the time of the execution of the contract. It was agreed that $2,100 should be paid on or before March 1st following and the balance on or before March 1, 1929, secured by a first mortgage on the farm. The farm included defendant's homestead, and the contract was not signed by his wife. Plaintiff moved onto the farm about the 15th day of January, 1920. On the 22d day of January the parties went to Grand Rapids for the purpose of closing the deal by making the $2,100 payment due March 1, 1920, the execution of the deed from defendant to plaintiff, and the mortgage by the plaintiff to defendant to secure the balance. Before closing the deal defendant told plaintiff that his wife re-

fused to sign the deed unless they got more money for the farm and personal property. After some discussion the plaintiff agreed to and did pay $700 more than was originally agreed. The deal was then closed by the execution and exchange of the deed and mortgage.

Between the time of the execution of the contract in August and the time of the closing of the deal in January the defendant hauled a certain amount of hay from the farm, and out of the feed then on the farm fed certain stock belonging to him and which at the time of the execution of the original contract was kept by him on another farm, of which plaintiff knew nothing. The plaintiff brought this action to recover the value of the amount of the hay so appropriated and of the feed and grain which defendant fed to his stock. A special verdict was returned by the jury by which it was found that there was no agreement or understanding between the parties that the defendant might feed his individual stock, that is, the stock not included in the contract, out of the feed then on the farm, and that there was no settlement between the plaintiff and defendant with reference to such feed at the time the deed and mortgage were executed. It also found the value of the feed consumed by defendant's stock as well as of the hay hauled from the farm.

After verdict the court, upon motion of defendant, rendered judgment in his favor notwithstanding the verdict. From the judgment so rendered plaintiff brings this appeal.

For the appellant there was a brief by Goggins, Brazeau & Goggins of Wisconsin Rapids, and oral argument by Theo. W. Brazeau.

Chas. E. Briere of Wisconsin Rapids, for the respondent.

OWEN, J. The lower court rendered judgment in favor of the defendant and against the plaintiff, notwithstanding the verdict, on the ground that the original contract of

August 27th was void because it included defendant's homestead and was not signed by his wife. That conclusion was imperative by virtue of the statute, sec. 2203, Stats., as construed in *Rosenthal v. Pleck,* 166 Wis. 598, 166 N. W. 445. The contract being void, the plaintiff acquired no rights under it; or anything in the nature of right, title, or interest in and to the real estate or personal property described therein. The plaintiff, therefore, had no interest in the feed consumed by defendant's stock or the hay which he removed from the premises at the time the feed was consumed or the hay removed. There was nothing in the nature of a valid contract between the parties until January 22d, when the deed to the farm was executed and possession of the personal property transferred. The feed and hay consumed and appropriated up to that time was the property of the defendant, in and to which the plaintiff had acquired no interest whatever. It was his own property, and in disposing of it as he did defendant in no manner invaded the rights of the plaintiff. The deal as concluded on January 22d related only to such personal property as was then on the farm, the possession of which was at that time transferred to the plaintiff.

We can discover no theory upon which the deal as concluded can be construed to include feed which had already been fed, or hay not then on the premises and which was not delivered to the plaintiff. In other words, the first valid and binding agreement between the parties was engendered January 22d and, so far as personal property involved is concerned, it related only to such personal property as was then in existence and on the farm. At no time did defendant efficiently undertake or agree to vest plaintiff with title to any other personal property. In order for the plaintiff to recover either for breach of contract or conversion he must trace his title to the personal property appropriated through the contract of August 22d, which, under the statute, was void. Being void, it was ineffectual to invest him

with any interest in the property.   At all times between August 27th and January 22d it remained the property of the plaintiff and he was at liberty to make such disposition thereof as he saw fit.   This is especially true in view of plaintiff's admission that he knew before closing the deal on January 22d that the feed had been consumed and the hay removed and asked the defendant to pay him for it.

*By the Court.*—Judgment affirmed.