Towers, Appellant, vs. Towers, Respondent.

*May 6—June 3, 1924.*

Divorce: Division of estate: Allowance to wife: Discretion of court: Revision of allowance on appeal.

1. In an action for divorce the husband's interest in a mortgage was proper to be considered by the court in determining the value of his estate in the division of the property, the word "estate," when unqualified, being generally construed to embrace every description of property. p. 191.

2. In determining the allowance to be made to the wife on a division of the estate, the state of health of the parties, their earning power, and the property owned by each should be considered. p. 191.

3. The duty of the husband to support the wife, assumed on marriage, does not end at divorce, and the court may enforce such duty either by granting alimony or directing a division of the estate. p. 191.

Towers v. Towers, 184 Wis. 188.

4. Evidence that the husband was fifty years of age and in good health with a fair earning capacity, and that the wife was forty-seven and had suffered a nervous breakdown, with little earning power, had the custody of a daughter ten years old and no money, and that her separate estate had been reduced during her married life, is *held* to entitle the wife, in addition to the amount granted by the court, to an award of one third of the husband's interest in a mortgage constituting an important part of his estate.   p. 192.

5. The rule that the trial court has a large discretion as to the amount of alimony to be awarded to the wife or by way of a division of the estate is inapplicable on appeal where the lower court failed to take into consideration an important part of defendant's estate.   p. 192.

APPEAL from part of a judgment of the circuit court for Sauk county: E. W. CROSBY, Judge. *Modified and affirmed.*

For the appellant there was a brief by *Grotophorst, Quale & Langer* of Baraboo, and oral argument by *H. M. Langer.*

*V. H. Cady* of Baraboo, for the respondent.

JONES, J.   This is an action for divorce on the ground of cruel and inhuman treatment.   At the time of their marriage in 1906 each party had a child by a former marriage, and two children, a boy and a girl, were born of the marriage.

Plaintiff was granted an absolute divorce, the judgment providing in part that she have the custody of the daughter and receive $8 a month towards her support; and that plaintiff receive $300 in lieu of alimony and as a full and final division of the property of the parties.   Plaintiff appealed from that part of the judgment which provided for division of estate and allowance for the child on the ground that the provisions were insufficient, and the assignments of error related to this subject.

It appeared that defendant at the time of the suit had a one-fifth interest in a mortgage on land in Iowa for $21,000 maturing in 1925; that he had assigned his interest to the extent of $1,400 to plaintiff in payment for money ad-

vanced to him during their marriage, of which $300 had been paid to her by defendant; and that plaintiff had advanced money on several occasions to finance farming operations which had proved unsuccessful. There was evidence, however, that on the sale of one farm a profit of $1,250 was made, which the plaintiff testified she divided with defendant. The court found that the net worth of defendant was $920. In addition to the property valued at $920, defendant had his interest in the Iowa mortgage amounting to $4,200, less the interest therein amounting to $1,100 assigned to the plaintiff.

The trial court found that at the time of the trial the plaintiff had property of the value of $2,000 acquired from her former husband. The property consisted of her interest in the mortgage already mentioned, a note from her son for $200, a piano which had cost $400, and some other furniture, and it seems quite doubtful whether the value of her estate amounted to $2,000.

In determining the value of defendant's estate the trial court came to the conclusion that his interest in the Iowa mortgage should not be considered. We think this was error. Under the broad powers conferred by statute the court may provide alimony for the wife and allowance for the support of minor children or "the court may finally divide and distribute the estate, both real and personal, of the husband and so much of the estate of the wife as shall have been derived from the husband, between the parties and divest and transfer the title of any thereof accordingly, having always due regard to the legal and equitable rights of each party, the ability of the husband, the special estate of the wife, the character and situation of the parties and all the circumstances of the case." Sec. 2364, Stats.

There can be no doubt that defendant's interest in the mortgage was part of his estate. Counsel for defendant argue that his interest was only an expectancy which might

never be realized; but the interest on it had been paid regularly and there is nothing in the evidence to show that it is not worth its face, and the word "estate," when unqualified or unrestricted, is generally construed to embrace every description of property.

Defendant's interest in this mortgage was property which he could assign or bequeath by will. It was property which could have been subjected to the payment of his debts and which on his death, intestate, would pass to his personal representatives. We must give to the word "estate" the broad meaning ascribed to it by this court in former actions for divorce. *Campbell v. Campbell,* 37 Wis. 206; *McChesney v. McChesney,* 91 Wis. 268, 64 N. W. 856.

In determining the question as to the allowance to be made to the wife on the division of estate, it is necessary to consider as part of the circumstances of the case referred to in the statute the state of health of the parties and the earning power of the respective parties as well as the property owned by each. At the time of the trial the husband was fifty years of age and the wife was forty-seven. He was in good health and had fair capacity to earn. She had suffered from a nervous breakdown and had little earning power, and was given the custody of a daughter ten years old.

At the time of the trial she had no money and probably less property than she had at the time of the marriage. During their married life they both had the benefit of the use of her separate estate, but fortune had not crowned their efforts with financial success. On their marriage defendant assumed the duty of the support of his wife, and although divorce sundered the marital relation it did not end the duty of support.

The court had the power of enforcing that duty either by granting alimony or directing a division of estate. At the close of their journey through married life the defendant

was richer by about $4,000 than when the journey began, while, at least for the purposes of her support, plaintiff's separate estate had been reduced.

After carefully considering all the facts, we conclude that the plaintiff is entitled to a larger share of the defendant's estate than was allowed by the judgment, and that the judgment should be so modified as to require defendant to assign, in addition to the provision already made for her, a further one-third interest of his interest in the Iowa mortgage in such manner that she may have for her support the benefit of the annual interest on her share thereof.

In all other respects the judgment should stand. This modification of the judgment will not require the defendant to make payments which might be beyond his power, and if for any reason the mortgage should not be paid in full the plaintiff will have to bear her proportion of the loss.

We are not unmindful of the rule that in actions of this character the decision as to the amount to be awarded as alimony or by way of division of estate rests largely in the discretion of the trial court. But, as already indicated, we consider that the court erred in failing to take into consideration an important part of the estate of defendant and thus erred in failing to apply the correct rule of law to the facts of the case. In such an event the rule as to the weight to be given on appeal to the exercise of discretion by the trial court does not apply.

*By the Court.*—The part of the judgment appealed from respecting the division and distribution of defendant's estate is reversed; the judgment in all other respects is affirmed, and the cause is remanded to the circuit court to award judgment in accordance with this opinion.