Bruhn, Appellant, vs. Bruhn, Respondent.

*November 8—December 4, 1928.*

For the appellant there was a brief by *Hugo J. Trost* of Milwaukee and *Buchen & Schlichting* of Sheboygan, and oral argument by *G. W. Buchen.*

*Charles Voigt* of Sheboygan, for the respondent.

ESCHWEILER, J.   In this case the parties, when marrying after an acquaintance of less than six months, had each informed the other of the extent of their respective property holdings.   After some fourteen months, part of which time the two had lived apart, their matrimonial barque was wrecked for causes which the trial court found were more properly chargeable to the defendant than to the plaintiff, which finding the record supports and defendant does not here question.

The plaintiff, appellant here, does not expressly claim that there should be no division of his property, and by the position taken on the trial and here, virtually concedes that there may be, as a part of the judgment, a giving of some portion of the plaintiff's accumulated property to the defendant, even though the defendant took no part in that accumulation.

This giving of one sixth of plaintiff's property to the defendant was done under the provisions of sec. 247.26, Stats., the material portion reading as follows:

"Upon every divorce from the bond of matrimony for any cause excepting that of adultery committed by the wife, . . . the court may finally divide and distribute the estate, both real and personal, of the husband and so much of the estate of the wife as shall have been derived from the husband, between the parties, . . . having always due regard to the legal and equitable rights of each party, the ability of the husband, the special estate of the wife, the character and situation of the parties and all the circumstances of the case; . . ."

This statute has been substantially in its present form on the point here concerned since R. S. 1878, and has been undoubtedly construed by the courts granting divorces in this state as requiring that some part of the husband's property must necessarily be given to the wife on the dissolution of the marriage status, whether she or he be awarded the divorce, although its language is not mandatory in that respect; the statutory exception as to cases of adultery by the wife having been held applicable only as to the granting of alimony and not in cases where a division of the property is made, in *Pfingsten v. Pfingsten,* 164 Wis. 308, 321, 159 N. W. 921, and in which decision the history of this statute is discussed.

There has not yet been presented to and squarely decided by this court the question whether a husband, having property and being granted a divorce, the court *must* give some

of that property to the wife, or may, in the exercise of judicial discretion, refuse so to give.

Since the enactment of that statute the relationship between husband and wife has been materially changed by adding to the rights and privileges as well as increasing the liabilities of married women, and a substantial change has been wrought in the marital relationship from that formerly recognized at common law and under our former contemporaneous statutes. Her dower right has been increased to an absolute estate of one third, sec. 233.01, Stats. (ch. 99, Laws of 1921); she has the broad grant of equal rights by sec. 6.015 (ch. 529, Laws of 1921), with many consequences; for instance, a right to recover for personal injuries against the husband (*Wait v. Pierce,* 191 Wis. 202, 212, 217, 209 N. W. 475, 210 N. W. 822), and an enforceable liability as accommodation indorser for her husband. *First Wis. Nat. Bank v. Jahn,* 179 Wis. 117, 129, 190 N. W. 822. But what. effect, if any, this changed relationship should have in the administration of sec. 247.26, quoted *supra,* it is not necessary here to determine, for the plaintiff's position on this appeal is one virtually conceding that some allowance should be made to the defendant.

Generally such a question as is here involved of a final division and distribution of the property of the husband is one for the discretion of the trial court. *Gauger v. Gauger,* 157 Wis. 630, 632, 147 N. W. 1075; *Goerner v. Goerner,* 182 Wis. 18, 19, 195 N. W. 879.

There is no inflexible rule as to such matters. *Roder v. Roder,* 168 Wis. 283, 286, 169 N. W. 307. The exercise of that discretion has been and always is subject to the control of this court on appeal, and such distributions of property by the lower court have been in this court frequently and substantially modified. *Cram v. Cram,* 170 Wis. 322, 326, 174 N. W. 927; *Gallagher v. Gallagher,* 174 Wis. 32, 35, 182 N.

W. 323; *Twohig v. Twohig,* 176 Wis. 275, 277, 186 N. W. 592; *Towers v. Towers,* 184 Wis. 188, 192, 199 N. W. 75.

The trial court, by a ruling when the matter of the amount of the wife's separate estate was being inquired into, expressly indicated that he did not consider such an inquiry material on a question of the division of the husband's estate. It is however a very proper element to be considered when determining how much shall be taken from the husband and given the wife by the express language of the statute *supra,*—"having always due regard to . . . the special estate of the wife." The trial court quite probably continued in his above indicated view of the statute in making the award.

Considering the situation disclosed in this case, where the defendant, a woman of independence and of demonstrated ability to make her own living, and holding separate property from which she has an income of at least $1,000 per annum, having aided in no wise in the accumulation of the plaintiff's property, she is, in our judgment, not entitled to profit from this unfortunate venture to the extent that she was permitted by the allowance to her of one sixth of plaintiff's property. No absolute measuring stick is possible for the adjusting of such matters, but we deem that an allowance of more than $5,000 to her from the plaintiff's property would be an unjust enrichment, as the result to her who is found responsible for the untoward ending of this joint speculation in matrimony.

*By the Court.*—Judgment below modified by changing the allowance of $16,306.33 to $5,000, and as so modified affirmed. Appellant to have costs in this court.