SEYFERT, Appellant, vs. SEYFERT, Respondent.

December 9, 1931—January 12, 1932.

For the appellant there was a brief by *H. O. Wolfe,* attorney, and *Lyman G. Wheeler* of counsel, both of Milwaukee, and oral argument by *Mr. Wheeler.*

For the respondent there was a brief by *Corrigan & Backus* of Milwaukee and *Schanen & Huiras* of Port Washington, and oral argument by *August C. Backus.*

ROSENBERRY, C. J. This case has once before been here and is reported in 201 Wis. 223, 229 N. W. 636. Upon the remission of the record the case was tried upon the merits and resulted in a judgment of divorce from the bonds of matrimony in favor of the plaintiff husband against the defendant wife on the ground that she was guilty of cruel and

inhuman treatment practiced by means of lewd and lascivious conduct with other men and as a frequenter of a disorderly house.

A brief résumé of the principal facts is necessary to an understanding of the question raised on the appeal. The parties were married in October, 1909. At the time of the trial plaintiff was forty-eight years of age and the defendant thirty-seven years of age. They have two daughters, one nineteen and one twelve years of age. In 1911 they went to Florida where they remained until 1915, when they returned to Mequon. Upon their return from Florida they purchased the store property in Mequon. Subsequently a drug department was added to the general store. The building was remodeled in 1923 at a cost of approximately $12,000, and at that time the plaintiff deeded a one-half interest in the store property to the defendant. Plaintiff has also acquired a dwelling house, where his mother and father lived. At the time of the marriage the plaintiff had about $1,000.

The court found that from 1909 to 1925 both parties were frugal, very industrious, hard-working people and the property which they now possess is for all practical purposes the result of their joint skill and labor, and this whether the original acquisition of the store property was by gift or purchase.

Inasmuch as there is no appeal from that part of the judgment which awards the divorce, it is not necessary for us to recite the facts which relate to the defendant's misconduct.

With reference to the value of the property the court said:

As to the property, from the evidence aided by my personal inspection of the premises with the attorney for the respective parties, I find as follows:

| | |
|---|---:|
| The store property, land, building, and fixtures | $22,000 00 |
| The dwelling house | 6,000 00 |
| The stock in the store | 5,000 00 |
| Total | $33,000 00 |

His net income, yearly average of several years,
approximately ......................... $2,300 00
The residence property is considerably depreciated in value
by the gravel pit on the opposite side of the highway.
The debts: Mortgage on store property....... $8,000 00
Mortgage on house....................... 3,500 00
Note to Thiensville bank................... 400 00
Unpaid current bills...................... 3,200 00

Total............................. $15,100 00
Net property value........................ 17,900 00
There is $225 back alimony to come out of this sum.

The judgment entered required the defendant to quitclaim
her interest in the real estate to the plaintiff as soon as the
plaintiff has made payment of the said $5,000 award, and it
is adjudged that the defendant have a lien upon all of the
real estate until the said $5,000, the sum of $325 accumu-
lated alimony, and the taxable disbursements, all of which
bear interest at the rate of six per cent. until paid, are paid.

The trial court in its decision referred to *Roder v. Roder,*
168 Wis. 283, 169 N. W. 307, and undoubtedly had the rule
of law governing matters of this kind well in mind. The
question is whether or not the determination of the trial
court should be upheld. Courts may well wish that they
were endowed with the wisdom of Solomon in the determi-
nation of matters of this kind. Here the testimony discloses
that the marriage relation was severed and the family broken
up wholly by reason of the misconduct of the defendant.
The plaintiff for some reason, probably in a chivalrous
effort to protect the reputation of the defendant and do her
no more damage than the circumstances imperatively re-
quired, charged her with cruel and inhuman treatment. The
evidence shows her to be guilty of adultery. In former times
this would have debarred her from any share of the plaint-
iff's estate. Here, however, she was not only a wife but
really a working partner of the husband. She not only kept

house, tended store, and looked after the husband's affairs, but was frugal and industrious. The trial court apparently attempted to award her one-third of the net estate. It is claimed on the part of the plaintiff that the valuations fixed by the court are high. The court not only took testimony as to the value of the property but personally inspected it. To withdraw $5,000 from the business in times like these is no doubt a difficult thing for the plaintiff to do. The judgment was entered July 8, 1931.

We are unable to reconcile the result in this case with *Roder v. Roder, supra.* The only difference of any consequence is that in this case the property accumulated stands in the name of both parties, and in *Roder v. Roder* it in part at least was inherited by the husband from his family. It is considered that the allowance made in the division of the estate should be reduced to $3,000 and that provision should be made for payment in instalments at the option of the plaintiff. The record is not in such a state that we can say how large the instalment should be or when payable. The plaintiff should have the right to pay in full at any time he so desires in order that he may refinance himself if possible. In other respects the judgment is affirmed.

*By the Court.*—That part of the judgment appealed from is reversed, and the cause remanded with directions to enter judgment as indicated in the opinion. No costs allowed to either party, appellant to pay the balance of clerk's fees.