TUPITZA, Appellant, vs. TUPITZA, Respondent. [Case No. 20.]

SUSHKOW, Respondent, vs. TUPITZA, Appellant. [Case No. 21.]

*September 9—October 14, 1947.*

258

The cause was submitted for the appellant on the briefs of *Leicht & Curran* of Medford, and for the respondents on the brief of *Oscar Rademacher* of Medford.

FRITZ, J.    In the action for divorce (Case No. 20) there is no dispute as to the court's findings and adjudication that after Alexandria Tupitza and Wasil Tupitza were married on June 3, 1918, they continued to live together as husband and wife until by reason of the husband's cruel and inhuman treatment of her, which entitled her to the divorce granted by the court, she left their fifty-acre farm homestead on January 17, 1944, and thereafter lived separately from her husband without his furnishing sufficient funds for her support and maintenance.    In about 1931 they bought the homestead with their joint savings, and in 1942 they bought forty additional acres, all of which they owned as joint tenants and operated as a farm by their joint labor,    The fifty acres constituting their

homestead were subjected to a mortgage which they executed to secure a loan of $2,250 made to them by Mary Federspiel, but the other forty acres were unincumbered. Upon their separation each of them took some of their jointly owned personal property and there was left on the farm, on which the husband continued to reside, some other personal property, which they had mortgaged and on the sale of which he collected the net amount of $1,026.89. That money and $300, which the husband collected as rent of the farm for three years, he used to pay his living expenses, without giving anything to his wife for her support. But during their separation their adult son sent $1,069.70 to her, which she used for her necessaries. When the husband needed additional money for his support, he,—in consideration of the defendant, Alexandria Sushkow (his daughter by a former marriage) agreeing to provide such funds,—gave her a quitclaim deed to all of the ninety acres of the land owned jointly by him and his wife, including their homestead, but that deed was neither agreed to nor signed by her. Upon their default in the payment of principal and interest on their note for $2,250 secured by their mortgage on their land, which they had executed in favor of Mary Federspiel, that note and mortgage loan were sold and assigned by her to Alexandria Sushkow who,—after being made a party defendant by Alexandria Tupitza in the action for divorce,—brought an action to foreclose that mortgage.

On the trial of this foreclosure action, Alexandria Sushkow stated she did not claim any interest under the deed from her father, which all of the parties considered void under sec. 235.01, Stats., because the land was a homestead and Alexandria Tupitza had not agreed to nor joined in the execution of that deed; and consequently, in relation to that deed it was provided in the judgment in the divorce action that the deed "be and hereby is, ordered canceled and set aside."

That judgment provided that, for a final division and distribution of the real and personal estate of the husband and wife,

their jointly owned land shall be sold and the net proceeds realized thereon, including the balance left on the foreclosure of the mortgaged fifty acres, shall be divided equally between the wife and husband; and he shall pay to his wife the costs and disbursements taxed in the action for divorce at $127.45.

On her appeal in the divorce action Alexandria Tupitza contends the court erred in awarding her as final division only half of about $2,000, which apparently is considered to be the probable amount of the net proceeds which can be realized on the sale of the land owned jointly by the wife and husband. In that connection she claims she is entitled to also an accounting by her husband for half of the rental value and profits he collected after she left the farm, and used for his living expenses; and for half of the $1,026.89 which were realized by him as the net proceeds on the sale of their jointly owned personal property, and which he then used for his living expenses; and that she is entitled also to have restored to her by her husband the sum of $1,069.70 which she had received from their son but had to use for necessaries while she was receiving nothing from her husband after their separation. Furthermore she contends she was entitled to have the court order the consolidation of the divorce action and Alexandria Sushkow's action to foreclose the mortgage on the land; and that although her husband's deed for the land to his daughter was void, the latter became under the deed a tenant in common with Mrs. Tupitza, and, therefore, as against her, Alexandria Sushkow is entitled on the foreclosure of the mortgage to recover only half of the $2,018.74 she paid in purchasing the note and mortgage from Mary Federspiel, and likewise only half of the accrued interest on that amount, and half of the taxes paid by her.

Those contentions and claims cannot be sustained in view of their meager financial circumstances and the physical incapacity of the husband and likewise the wife to work and to earn anything for their support. He is sixty-eight years of age, and her age is about fifty-nine. Both have become incapaci-

tated to work any longer by reason of their sickness and old age. Since the separation she had to use for her support the $1,069.70 given her by their son; and the husband had to use for his living expenses the money which he collected as rent, the $1,026.89 realized on the sale of personal property, and also such money as he received from his daughter. Consequently the only remaining assets available for their support and maintenance are the net proceeds of probably $2,000, which may be realized on the sale of the land owned jointly by them.

In sec. 247.26, Stats.,—authorizing the final division and distribution by the court in actions for divorce of "the estate, both real and personal, of the husband and so much of the estate of the wife as shall have been derived from the husband, between the parties,"—it is provided that the trial court shall have "always due regard to the legal and equitable rights of each party, the ability of the husband, the special estate of the wife, the character and situation of the parties and all the circumstances of the case; . . ." And, as this court has stated,—

"In determining the question as to the allowance to be made to the wife on the division of estate, it is necessary to consider as part of the circumstances of the case referred to in the statute the state of health of the parties and the earning power of the respective parties as well as the property owned by each" (*Towers v. Towers,* 184 Wis. 188, 191, 199 N. W. 75); in making a final division of property held in common, "the age of the parties, their health and ability to earn money, the nature of the property and the manner of its acquisition, together with all of the circumstances bearing on the question, must be considered" (*Voegeli v. Voegeli,* 204 Wis. 363, 365, 236 N. W. 123);

and "Generally such a question as is here involved of a final division and distribution of the property of the husband is one for the discretion of the trial court. *Gauger v. Gauger,* 157 Wis. 630, 632, 147 N. W. 1075; *Goerner v. Goerner,* 182 Wis. 18, 19, 195 N. W. 879. There is no inflexible rule as to such matters. *Roder v. Roder,* 168 Wis. 283, 286, 169

N. W. 307." (*Bruhn v. Bruhn*, 197 Wis. 358, 361, 222 N. W. 242.)

If in the case at bar the court had decided, as plaintiff claims, that she was entitled, in addition to her half share of the proceeds to be realized on the sale of their land, to have adjudged that she was also to be paid out of her husband's share of such proceeds the sums of $150, as half of the rents collected by him, and of $513 as half·of the net proceeds of the sale of the personal property, and also $127.45 taxed against him as costs of the action, then the insignificant balance available for his necessary support and maintenance would be soon exhausted; and in view of these circumstances it must be considered in the discretion of the trial court to adjudge the division and distribution in question.

Neither did the court err in denying plaintiff's motion under sec. 269.05, Stats., for the consolidation of the trial in the divorce action with the trial of the foreclosure action instituted by Alexandria Sushkow. Consolidation of actions under that statute and the general rules of practice is discretionary with the trial court. *Reardon v. Terrien*, 214 Wis. 267, 269, 252 N. W. 691; *Whalen v. Eagle Lime Products Co.* 155 Wis. 26, 143 N. W. 689. The issues under the pleadings in the divorce action and those raised under the pleadings in the foreclosure action, and the procedure applicable on the trials. and subsequent proceedings therein are so different that unnecessary confusion would be apt to result from the consolidation of the trials. Consequently, the court cannot· be deemed to have abused its discretion in denying the proposed consolidation. It follows that in Case No. 20 the judgment must be affirmed.

In Case No. 21, the foreclosure action brought by Alexandria Sushkow, the defendant Alexandria Tupitza contends the court erred in adjudging that $2,557.54, instead of only $2,255.41 were owing to the plaintiff Sushkow. The difference in amounts arises in part because, although plaintiff,

in purchasing from the mortgagee the note and mortgage under which there was owing the principal sum of $2,250 and interest, paid only $2,018.75 to the mortgagee, but the court adjudged the recovery by plaintiff of the full amount of the principal with all accrued interest thereon, and of the taxes on the mortgaged land which plaintiff had paid.

Alexandria Tupitza claims that because her husband in October, 1944, gave plaintiff a deed to convey to her the mortgaged premises in consideration of her oral agreement to furnish him with money for his support, the plaintiff became the owner of his share in the premises which he and Alexandria Tupitza had owned as joint tenants; that thus plaintiff had possession thereof and held them adversely to Alexandria Tupitza, who, although a joint tenant, had been ousted from possession; and that therefore as Mrs. Tupitza had become a tenant in common with the plaintiff, the latter could collect from Alexandria Tupitza only half of the money actually paid by plaintiff for the note and mortgage, and only half of the unpaid interest owing thereon and half of the taxes paid by plaintiff.

Those contentions cannot be sustained. As the court found in the divorce action, the deed to the premises, which was given by Wasil Tupitza to Mrs. Sushkow, was not agreed to or signed by Mrs. Tupitza, and at the trial in the foreclosure action Alexandria Sushkow stated as a plaintiff therein that she did not claim any interest under that deed; and as that deed was invalid because it was made without Wasil Tupitza's wife's consent, evidenced by her joining therein or in executing a separate instrument of the same nature, the deed in question was absolutely void under the provision in sec. 235.01, Stats. *Rosenthal v. Pleck,* 166 Wis. 598, 600, 166 N. W. 445; *Helander v. Wogensen,* 179 Wis. 520, 522, 191 N. W. 964; *Eaton Center Co-op. Cheese Co. v. Kalkofen,* 209 Wis. 170, 244 N. W. 620. Moreover, the court rightly adjudged in the action that said deed "be and hereby is, ordered canceled

and set aside." Consequently, as no interest in the premises became vested by that deed in Mrs. Sushkow, and no tenancy in common was created, her recovery on the note and mortgage by her as assignee and owner thereof is not limited to the purchase price which she paid therefor, or to half of the accrued interest, and she is entitled to recover the full amount of all taxes paid by her. Therefore the judgment in Case No. 21 must also be affirmed.

*By the Court.*—Judgment affirmed in Case No. 20; and also in Case No. 21.