STRANDBERG, Appellant, v. STRANDBERG, Respondent.

*November 28, 1966—January 3, 1967.*

For the appellant there was a brief by *Eberlein & Eberlein* of Shawano, and oral argument by *Frederic C. Eberlein*.

For the respondent there was a brief by *Ray T. McCann*, attorney, and *Leonard L. Loeb* of counsel, both of Milwaukee, and oral argument by *Mr. Loeb*.

HALLOWS, J. The only issue raised is whether the award to the defendant is so excessive as to constitute an abuse of discretion on the part of the trial court. The factors and considerations which govern the division of property in both divorce and separation actions are found in sec. 247.26, Stats., and in prior decisions of this court. Sec. 247.26 provides a trial court may finally divide and distribute both the real and personal estate of the husband and so much of the estate of the wife as has been derived from the husband. In doing so the court should have due regard to the legal and equitable rights of each party, the ability of the husband, the special estate of the wife, the character and situation of the parties, and all the circumstances of the case.

As a rule of thumb, this court has often stated that an award of one third of the husband's net estate to the wife is a proper starting point, subject to increase or decrease according to circumstances. *Gauger v. Gauger* (1914), 157 Wis. 630, 147 N. W. 1075; *Radandt v. Radandt* (1966), 30 Wis. (2d) 108, 140 N. W. (2d) 293.

Among the circumstances of the case which should be taken into consideration are age, health and ability of the parties to earn, the manner in which the estate was accumulated, the conduct of the parties, and length of the marriage.[1] Although an antenuptial agreement is against public policy and void [2] in respect to a division of estate in the event of divorce or legal separation, we have said such an agreement might be admitted in evidence and considered for a limited purpose as one of the circumstances in determining the equities of the division. *Werlein v. Werlein* (1965), 27 Wis. (2d) 237, 133 N. W. (2d) 820.

The plaintiff's estate, as found by the trial court, consisted of a home in Antigo of the value of $10,000, a lake cottage valued at $5,800, a business building in Antigo of the value of $47,100, cash surrender value of life insurance of $1,000, savings accounts totaling $7,200, an account due from Strandberg Electric Company of $15,900, a checking account of $200, and miscellaneous property consisting of cottage furniture, an automobile, golf cart and club membership and an interest in un-

[1] See re age: *Salinko v. Salinko* (1922), 177 Wis. 475, 188 N. W. 606; re conduct of parties: *Wagner v. Wagner* (1961), 14 Wis. (2d) 23, 109 N. W. (2d) 507; *Trowbridge v. Trowbridge* (1962), 16 Wis. (2d) 176, 114 N. W. (2d) 129; re ability to earn: *Bruhn v. Bruhn* (1928), 197 Wis. 358, 222 N. W. 242; *Heffernan v. Heffernan* (1965), 27 Wis. (2d) 307, 134 N. W. (2d) 439; re contribution of each party to the estate: *Seyfert v. Seyfert* (1932), 206 Wis. 503, 240 N. W. 150; *Ausman v. Ausman* (1966), 31 Wis. (2d) 79, 141 N. W. (2d) 869.

[2] See *Fricke v. Fricke* (1950), 257 Wis. 124, 42 N. W. (2d) 500; *Caldwell v. Caldwell* (1958), 5 Wis. (2d) 146, 92 N. W. (2d) 356.

developed real estate having an aggregate value of $2,000. The gross estate therefore was $89,200, which, after subtracting outstanding obligations of $6,500, left a net estate of $82,700. Plaintiff argues the court set the value of the business building too high, but we think the value adopted by the court is not against the great weight and clear preponderance of the evidence. Likewise, the court's evaluation of the home at $10,000 was correct even though the plaintiff's son who occupied the home had improved it at a cost of $3,200. There was no proof the plaintiff was obligated to repay his son for such improvements and the son has lived in the house without paying rent. It is also argued the court erred in the amount owed to the plaintiff on account from Strandberg Electric Company. While there is a slight conflict over the amount, the value taken by the trial court is that placed upon the account by the plaintiff.

While the defendant's home and her other assets may be taken into consideration in making a division of property, we do not consider her home to be a part of the divisible estate of the husband or a part of her estate which was derived from the husband. To consider it as such would be to unduly penalize the wife. True, the plaintiff made mortgage payments in the amount of $4,000 and improved the house over a period of nine years, but, as the trial court found, it was the plaintiff's duty to provide housing accommodations, and the improvements and mortgage payments made represent substantially the rental cost of such accommodations. Likewise, the trial court did not err in considering the furniture and furnishings purchased by the plaintiff for the house, which were presumably of nominal value since no value was placed thereon by the parties, not to be assets for the purpose of the division of the estate.

In arriving at a fair division of property it is not helpful to review all the gifts, expenses and disburse-

ments made during the marriage with the objective of constructing what the parties might have had if they had not married. Nor is every gift made to a wife to be considered as part of her estate which is derived from her husband. The record shows the plaintiff was generous with the defendant and assumed some of her personal obligations remaining from her first marriage. The record also shows the ground for divorce was cruel and inhuman treatment by the defendant, and while the conduct of the parties is a factor to be considered, the offending party is not to be punished or pilloried on that account in dividing the estate. *Tonjes v. Tonjes* (1964), 24 Wis. (2d) 120, 128 N. W. (2d) 446; *Trowbridge v. Trowbridge* (1962), 16 Wis. (2d) 176, 114 N. W. (2d) 129; *Yasulis v. Yasulis* (1959), 6 Wis. (2d) 249, 94 N. W. (2d) 649.

The amount awarded the defendant represents about 25 percent of the plaintiff's estate, and he argues this is excessive because the defendant would have received a substantially smaller share of the estate under the terms of the antenuptial agreement, to which the plaintiff argues the trial court did not give any consideration. It is true the trial court did not mention the agreement in its opinion, but it was admitted in evidence and this court should not presume the experienced trial judge did not consider it in making the award. The antenuptial agreement made no provision in the event of divorce or separation, but the plaintiff argues the defendant should not receive a larger share of his estate upon divorce than she would have received upon his death. The record, however, does not show the amount of the death benefits of the life insurance, or how much property the plaintiff might have left the defendant in his will if he had been happy and satisfied with the marriage. In any event, to give substantial or controlling effect to an antenuptial agreement upon the divorce of the parties would be doing

indirectly or by analogy what cannot be done directly by the parties. The contract may be considered but not specifically enforced.

Plaintiff argues the defendant was fifty-eight years old at the time of divorce and able to work, but this argument is countered by the argument the plaintiff was seventy-four and consequently he does not need as much money to live out his life as he would need at a younger age. Besides, the record does not show the defendant is in good health or able to work.

The weight and effect of the various considerations which enter into division of estate is for the trier of the facts to determine in the first instance, and unless the trial court has erred in respect to the facts upon which its judgment rests or unless the trial court has disregarded the established guidelines or has so acted that it can be said there was a want of judicial discretion or judgment, the award of the trial court should be affirmd on appeal. *Yasulis v. Yasulis, supra.* While in some minor respects this court might disagree with the trial court, we do not consider the award given to the defendant to be excessive or the granting thereof an abuse of judicial discretion. The award therefore should be affirmed.

*By the Court.*—That part of the judgment appealed from is affirmed.