KUNDE, Respondent, v. KUNDE, Appellant.

*No. 141. Argued October 5, 1971.—Decided November 2, 1971.*
(Also reported in 191 N. W. 2d 41.)

For the appellant there was a brief by *Vaudreuil & Vaudreuil* and *Leo E. Vaudreuil,* all of Kenosha, and oral argument by *Leo E. Vaudreuil.*

For the respondent there was a brief by *Antaramian & Antaramian,* attorneys, and *Charles J. Richards* of counsel, all of Kenosha, and oral argument by *Mr. Richards.*

HALLOWS, C. J. The parties were in their sixties when they married. The marriage was the second for both and lasted about five years. Each had a separate estate which was protected by an antenuptial agreement. The husband had assets of approximately $42,000 and the wife's separate estate amounted to about $126,000. Although an antenuptial agreement is against public policy and void in respect to a division of the estate in the event of divorce, such an agreement may be considered for the limited purpose as one of the circumstances in determining the equities of the division. *Werlein v. Werlein* (1965), 27 Wis. 2d 237, 133 N. W. 2d 820; *Caldwell v. Caldwell* (1958), 5 Wis. 2d 146, 92 N. W. 2d 356. Here, the antenuptial agreement made no reference to a divorce or separation. In making the property division, the court considered the only divisible property was $14,500 of joint property. This jointly held property consisted of two lots in Florida, a claim of $1,500 against one Weaver for land which he had sold for the Kundes and an automobile worth $2,500. At the time of the marriage, the husband owned his home which he rented after marriage for $130 a month. The parties lived in the apartment owned by the wife, who operated a curtain shop. After

the marriage, the husband worked for the wife and had the use of a car.

The wife, in arguing the division of property was not fair, points out she contributed $16,049.19 during the marriage and at least $11,739.14 of it was furnished by her for the jointly held property. The difference in these amounts is accounted for by an item of $3,837.83, which consisted mostly of car expenses which were charged off on the wife's income tax returns as a business expense, and by an item of $472.22 payment to her husband.

Shortly after the marriage, the wife commenced depositing $100 in a joint savings account with the husband in the Kenosha Savings & Loan Association. This item amounted to $5,439.14 and the husband claims half of it, or $50 a week was for work he performed for his wife. The wife contends she should get credit for the full amount of the deposit because the amount claimed by the husband was not earned by him but was given for the purpose of creating an income to raise his social security benefits. The wife's position on this appeal is that she is entitled to receive back her contributions to the joint account and other contributions before there is a division of the joint account. She also claims the husband's separate estate, the fact he kept the rent from his home, and received free use of the car should be taken into consideration.

We find no merit and considerable concern with the wife's contention she should receive credit for the amount of money she paid to increase the social security account of her husband. That item should remain as she recorded it on her tax returns. If her husband did not earn the money, she should not have paid it to him as earnings. Likewise, the car expenses and a relatively small medical bill for her husband should not be returned to her as capital expenditures. The expenses for the car were of

mutual benefit and were deducted as a business expense and should rest there.

For the proposition the principal contributions made by a wife to marital property must be returned to her first and the balance divided on an equitable basis or in effect that the contributions of a wife to joint property are not to be divided between the parties, reliance is placed upon *Wagner v. Wagner* (1961), 14 Wis. 2d 23, 109 N. W. 2d 507; *Van Erem v. Van Erem* (1961), 14 Wis. 2d 611, 111 N. W. 2d 440; and *Strandberg v. Strandberg* (1967), 33 Wis. 2d 204, 147 N. W. 2d 349. This is not a hard and fast rule in all cases, but the capital contributions of the wife do merit consideration so an equitable result may be obtained. *Ausman v. Ausman* (1966), 31 Wis. 2d 79, 141 N. W. 2d 869. However, in a division of property a court cannot unweave the marital fabric and end up with skeins of yarn. It is impossible to trace all the items which have gone into marital property to the last penny and make a division of the property which would have resulted had no marriage taken place. Marriage is a cooperative venture and many considerations other than the source of the property are to be weighed in the division of marital property. *Strandberg v. Strandberg, supra.*

Although the record is unclear in many respects, and incomplete findings of the trial court leave much to be desired, there is an indication the trial court intended to return capital contributions to the wife before the joint property was divided. While the wife disagrees with the trial court over what constituted her contributions, we think in awarding $9,000 out of the jointly held property of $14,500 the court did not abuse its discretion and did in fact recognize her contributions before dividing the remainder.

*By the Court.*—Judgment affirmed.